OPINION OF THE COURT
Martin B. Stecher, J.
This is a motion by the defendant to amend its answer, to *394 "rehear” an earlier grant of summary judgment to the plaintiff and to grant summary judgment to the defendant.
These facts are undisputed. Prior to November 14, 1975, the plaintiff, under contract with the defendant, was engaged in school construction for the latter. On that date the defendant delivered two written communications to the plaintiff. One informed the plaintiff that it would "in the immediate future receive a notice of termination” and directed that work stop "at the point where your installation will be in a safe condition”. It required that the plaintiff maintain watchman service. The other asked the plaintiff for an appointment to determine "further work to make [the project] safe and secure”. On December 8, 1975, the defendant authorized "month to month” requisitions until "termination is made on the remaining contract work”. On December 29, 1975, the board acknowledged in writing that certain concrete installations, which it called "contract work” remained to be installed.
On January 26, 1976, and again on March 2, 1976, the plaintiff, probably kept in darkness concerning the defendant’s intentions, gave written notice of its intention to withdraw from the site. In response to the March 2 letter the defendant, on March 8, sent a telegram to the plaintiff stating that "[u]ntil project is officially terminated you are responsible to maintain a secure site”.
On April 28, 1976, the plaintiff served and filed a verified notice of claim. On June 2, 1976, the defendant formally passed a resolution terminating the contract as of March 22, 1976, and following June 2, 1976, gave formal notice thereof to the plaintiff.
In March, 1977, a motion for summary judgment was submitted which was granted on June 21, 1977, to the extent of ordering an assessment of damages. An appeal was taken by the defendant on July 25, 1977, which was withdrawn on December 27, 1977. The assessment was ordered for August 7, 1978, the return day of this motion.
Very simply, the defendant, at this late date, contends that the notice of claim (Education Law, § 3813, subd 1) served by the plaintiff prior to the commencement of suit, was served both too late and too soon to comply with the statute. It has not raised such issue previously, here or on appeal.
The statute (Education Law, § 3813, subd 1) provides in part that in any action against a school district it must be alleged and proved "that a written verified claim * * * was presented * * * within three months after the accrual of such claim”.
*395 The defendant contends that plaintiff’s damages were ascertainable on November 14, 1975, when the first notices were served and therefore a notice of claim served on April 28, 1976 being more than three months thereafter was untimely. It also contends that if plaintiff relied on the "official” termination date the notice was premature as the "official” termination was not communicated until after June 2, 1976.
It is clear from the facts that there was no termination on November 14, 1975 (a conclusion asserted elsewhere by the Corporation Counsel when it suited his purpose). The plaintiff was expected to continue to provide service as late as March 2, 1976, the defendant contending that the plaintiff was "responsible” for site security "until you receive official notification of termination of this project”. Both parties, litigating in the shadow of Matter of Board of Educ. (Wager Corp.) (37 NY2d 283, 290), argue the date when damages were "ascertainable”. What the defendant neglects, however, is that before the time begins to run for giving notice, not only must damage be ascertainable, but the cause of action— breach of contract — must have accrued. The city insisted on performance of the contract, at least in part, on December 29, 1975 and March 8, 1976, insisting there be no abandonment of the site until the "project is officially terminated”. It cannot now contend that its termination — breach—occurred in November, 1975, when it merely predicted termination. Termination did not occur — on these papers — earlier than June 2, 1976.
What of the notice of claim served April 28, 1976? The statute requires that the notice of claim be given "within three months after the accrual of such claim”. This notice was given before the accrual of the claim. The intent of the statute "is to give a school district prompt notice of claims so that investigation may be made before it is too late for investigation to be efficient’ (Matter of Board of Educ. [Heckler], 7 NY2d 476, 483)” (Board of Educ. [Wager Corp.], 37 NY2d 283, 289, supra). The intent of the statute is to make notice untimely if given more than 90 days after the claim accrues. Under these facts the notice was timely and the defendant will not be heard to say it received too much warning.
I do not find it necessary to address the questions of laches, estoppel or waiver. The motion is denied, with costs of $40 to be paid by the defendant to the plaintiff.