BORIS SHALMAN et al., Respondents, v. BOARD OF EDUCATION OF CENTRAL SCHOOL DISTRICT NO. 1 OF THE TOWNS OF THOMPSON, BETHEL, FORESTBURG, MAMAKATING and FALLSBURGH, Defendant and Third-Party Plaintiff-Appellant-Respondent. READER-GREEN CONSTRUCTION CORP. et al., Third-Party Defendants-Appellants.

Third Department, March 10, 1969.

*Max E. Greenberg, Trayman, Harris, Cantor, Reiss & Blasky* (*Joseph K. Gormley* of counsel), for Reader-Green Construction Corp., third-party defendant-appellant.

*Gottesman, Wolgel & Smith* (*Samuel Gottesman* of counsel), for Insurance Company of North America, third-party defendant-appellant.

*Wiess & Costa* (*Lawrence E. Lagarenne* of counsel), for defendant and third-party plaintiff-appellant.

*Goldstein & Goldstein* (*Carl P. Goldstein* and *David Farber* of counsel), for respondents.

GIBSON, P. J. Appeals are taken by defendant and third-party plaintiff and by third-party defendants from an order of the Supreme Court at Special Term which, among other things, (1) conditionally denied defendant's motion to dismiss the amended complaint (a) as barred by plaintiffs' failure to file timely notices of claim under section 3813 of the Education Law and (b) as insufficient, for failure to allege compliance with the

provisions of said section 3813, and (2) granted leave to plaintiffs to serve a further amended complaint alleging compliance with said section 3813, the denial of the motion being conditioned on such service.

Plaintiffs, as joint venturers, contracted with defendant Board of Education to perform certain electrical installation work in connection with the construction of certain school buildings, for which third-party defendant Reader-Green was the general construction contractor and third-party defendant Insurance Company of North America was the latter's surety. Each contract fixed the completion date of September 1, 1966. Plaintiffs sue for additional costs and expenses incurred by them by reason of delays which they attribute to Reader-Green's failure to complete its work and to the Board of Education's failure to insure Reader-Green's completion. The motion papers assert that as a result of Reader-Green's delays the project was but 50% completed on the stipulated completion date of September 1, 1966 and that the Board of Education terminated the Reader-Green contract on October 8, 1966.

The amended complaint alleges the filing of claims by plaintiffs on January 23, 1967 and April 7, 1967 and further and conclusorily alleges that each was so filed " as required by section 3813 of the Education Law ". Appellants contend that, to comply with the requirement that a verified claim be " presented to the governing body of [the] district within three months after the accrual of such claim " (Education Law, § 3813, subd. 1), notice of claim should have been filed within three months after September 1, 1966, the completion date fixed by the contracts. There was proof on the motion, however, that plaintiffs continued the work on their contract after September 1, 1966 and that their claim is, in essence, for extra costs incurred after that date and for which, incidentally, plaintiffs filed with the board, at certain times thereafter, statements of account and requisitions for payment, allegedly in accordance with contract billing procedures.

Movants failed to produce proof adequate to warrant the summary disposition sought. Indeed, the contract itself is not before us and its intendment and effect must be determined upon a trial. If, as contended by respondents, it was an entire contract and not a divisible one, the Statute of Limitations would not begin to run until final performance. (*Martin* v. *Camp,* 219 N. Y. 170, mot. for rearg. den. 219 N. Y. 627, 221 N. Y. 631; *Ga Nun* v. *Palmer,* 202 N. Y. 483; 2 Carmody-Wait 2d, New York Practice, § 13:158; 6 Williston, Contracts [Rev. ed.], § 2028.) Generally, building construction contracts are not rendered

divisible because of a provision for progress payments. (10 N. Y. Jur., Contracts, § 260; accord, *New Era Homes Corp.* v. *Forster,* 299 N. Y. 303; *Andrews* v. *Durant,* 11 N. Y. 35; *Restatement,* Contracts, § 266, illustration 4.) At the same time the intention of the parties is a primary factor to be considered in determining whether a building or construction contract is entire or divisible. (*New Era Homes Corp.* v. *Forster, supra*; 10 N. Y. Jur., *op. cit.,* § 260; Ann. 22 ALR 2d 1343, Building Contract.)

An additional, and cogent, argument relating to the '' accrual of such claim '', in the terms of subdivision 1 of section 3813, would render appellants' contentions unavailable even if it be assumed that the cause of action for delay arose on September 1, 1966; the cases distinguishing between accrual of a cause of action and accrual of a claim. Thus, in *Terrace Hotel Co.* v. *State of New York* (19 A D 2d 434) this court quoted with approval a holding of the Fourth Department in *Waterman* v. *State of New York* (19 A D 2d 264, 266, affd. 14 N Y 2d 793, 17 N Y 2d 613) to the effect that a claim accrues when it matures and that the words '' claim accrued '' have the same meaning as '' damages accrued ''. We further stated: '' We think it is proper to apply the principle laid down in the Court of Claims cases that, in the case of continuing injury, the extent of which is not presently ascertainable, the claim is not deemed to have accrued until the extent of the damages can be ascertained ''. (19 A D 2d 434, 436; and see *Edlux Constr. Corp.* v. *State of New York,* 252 App. Div. 373, 374, affd. 277 N. Y. 635; *Dufel* v. *State of New York,* 198 App. Div. 97, 102; 34 Am. Jur., Limitation of Actions, § 142.) Under either theory, if substantiated by proof, the contractor was not obliged to abandon the contract and sue for damages for a final breach, but could complete his work and sue for the damages thereby resulting and thus established. (10 Encyclopedia New York Law, Damages, § 565.)

Similarly, the effect of the exculpatory clause upon which appellants rely as an additional bar to recovery, providing that: '' The Owner shall not be responsible for any delays whatsoever that may be occasioned by a Contractor's failure to meet the time schedule decided upon '', must be determined upon a trial. A duty is imposed upon the employer not to interfere with the prosecution of the work of his contractor, and he impliedly agrees that the contractor will not be unreasonably delayed by the failure of other contractors to perform work which is essential to the performance of the work in question. (*Sundstrom* v. *State of New York,* 213 N. Y. 68; 10 Encyclopedia New York Law, *op. cit.,* § 565.) For a breach of that duty the contractor

may recover his resulting damages. (10 Encyclopedia New York Law, *op. cit.*, § 565.) Whether or not the supposed exculpatory clause reaches the present situation is open to doubt. But, in any event, such clauses are strictly construed against the person seeking exemption from liability. (*Ippolito-Lutz, Inc.* v. *Cohoes Housing Auth.*, 22 A D 2d 990; *Brady & Co.* v. *Board of Educ. of School Dist. of City of N. Y.*, 222 App. Div. 504.) As has been indicated, the effect of the clause must depend upon the facts as developed at the trial. (*Matter of Chuckrow Constr. Co. [Horowitz Bros.]*, 30 A D 2d 789; *Ippolito-Lutz, Inc.* v. *Cohoes Housing Auth., supra.*)

The order should be affirmed, with one bill of costs to respondents.

HERLIHY, REYNOLDS, COOKE and GREENBLOTT, JJ., concur.

Order affirmed, with one bill of costs to respondents.