(December 18, 1969)

■ McKay Construction Co., Inc., Respondent, v. Board of Education, South Lewis Central School District 1, Lyons Falls, Defendant and Third-Party Plaintiff-Respondent. Sargent-Webster-Crenshaw & Folley, Third-Party Defendant and Fourth-Party Plaintiff-Respondent. Kenneth H. Mayhew, Fourth-Party Defendant-Appellant.— Staley, Jr., J. Appeal by fourth-party defendant, Kenneth H. Mayhew, from an order of the Supreme Court at Special Term, entered May 1, 1967 in Madison County, insofar as that order denied the motions of the fourth-party defendant, (1) for partial summary judgment dismissing the third cause of action of the complaint; (2) for partial summary judgment dismissing the cross claim against the fourth-party defendant, pleaded in paragraphs 20, 21, 22, 23, 24 and 25 of the amended third-party complaint; (3) for partial summary judgment dismissing the cause of action alleged against the third-party defendant, Sargent-Webster-Crenshaw & Folley, pleaded in paragraphs 20, 21, 22, 23, 24 and 25 of the amended third-party complaint; and (4) for complete summary judgment dismissing the fourth-party complaint herein. This action arises out of a contract awarded to the plaintiff, McKay Construction Co., Inc., on May 29, 1962 by the defendant, South Lewis Central School, District 1, for the construction of a Junior-Senior High School at Turin, New York. The plaintiff based its bid for the contract in part upon a drawing labeled " 101 ", which constituted the site plan. Based upon this drawing the plaintiff, in preparing its bid, estimated that 26,166 cubic yards of earth would have to be excavated or moved. Earth excavation under the bid was listed at a unit price of $1.50 per cubic yard. The site work was commenced by the plaintiff on June 4, 1962 and within a few days it was discovered that some of the elevations shown on drawing 101 were erroneous. The third-party defendant, Sargent-Webster-Crenshaw & Folley, the project architect, was advised of the errors, whereupon a meeting was held at the site on June 13, 1962 to consider the problem. As the result of this meeting a resurvey of the area was made by the fourth-party defendant, Kenneth H. Mayhew, and a revised site plan drawing labeled " JD-3 " was prepared, signed by the architect, and supplied to the plaintiff. This revised site plan increased the area of the site and, according to the plaintiff, required the excavation or moving of an additional 15,000 cubic yards of earth. Apparently no computation was made at the time of the preparation of the drawing labeled " JD-3 " by any of the parties, and it was not until the site work was completed in the fall of 1962 that an actual computation was made. The architect was then advised by letter that the computation showed additional earth removal. On December 12, 1962 the architect acknowledged receipt of the letter and replied, " I believe the only reasonable way the amount of earth moved can be determined is after the remaining topsoil spreading and grading is completed." Although the plaintiff several times between December 12, 1962 and January 13, 1964 requested the architect to resolve the question of the yardage involved, it does not appear that this has been done. On March 30, 1964 the plaintiff served a demand for arbitration on the Board of Education. No reply was received to this demand except a letter from the attorney for the board to the effect that he would be in touch with plaintiff's attorney. In

November, 1964 a meeting was held at which the disputed items were discussed. In the month of December, 1964 the plaintiff commenced an action which it discontinued shortly thereafter so that a verified notice of claim pursuant to section 50-e of the General Municipal Law could be served on the Board of Education. The notice of claim was served on January 25, 1965, and this action was commenced by service of the summons and complaint on the Board of Education on March 20, 1965. The plaintiff completed its work in August, 1963 and the school was occupied in September, 1963. The plaintiff asserts that the board has never rejected its claim for additional work, and has never rejected its claim for the balance due on the general contract. Although the contract provides for a certificate of completion, such a certificate has not yet been issued. The third cause of action alleged in the complaint seeks a judgment in the amount of $34,913.70 for additional excavation, stripping, fill, grading, spreading and seeding by reason of the site plan revision. In addition to its answer, the board brought separate actions over against the surveyor and the architects seeking indemnity from them by reason of any judgment which the plaintiff might recover against the board by reason of the third cause of action. The architects then cross-claimed against the surveyor seeking indemnity from him by reason of any judgment over which the board might recover against them by reason of the third cause of action of the complaint. The answer of the surveyor, the appellant herein, to the cross claim of the board consisted of a general denial and affirmative defenses of waiver and failure to comply with statutory notice requirements. His answer to the cross claim by the architects consisted of general denials and an allegation that the original site survey was not owned, ordered, prepared or made for the architects, but was ordered and requested by the Board of Education. The appellant then moved (1) for leave to amend his answer to the cross claim by the board; (2) for partial summary judgment dismissing the third cause of action alleged by the plaintiff; (3) for partial summary judgment dismissing the cross claim of the Board of Education against him; (4) for partial summary judgment dismissing the cross claim of the Board of Education against the architects; (5) for complete summary judgment dismissing the cross claim of the architects against him; and (6) for such other and further relief as to the court may seem just and proper. The motions for summary judgment, in addition to being based upon all the other pleadings, were also based upon the proposed amended answer which was attached to the moving papers. As to the third cause of action in the plaintiff's complaint, the appellant's amended answer denied that (1) the additional work for which recovery was sought was ordered in any written order conforming to the requirements of article 15 of the General Conditions forming part of the contract with the board; (2) the existence of any emergency endangering life or property dispensing with the requirements of a written order under said article 15; (3) that the plaintiff before proceeding to perform the alleged additional work, gave written notice to the architects that such work would involve extra cost as required by article 16 of said General Conditions; (4) the existence of any emergency endangering life or property dispensing with the requirements of written notice under article 16; and (5) that a written verified claim as required by section 3813 of the Education Law was ever served upon the Board of Education within three months after the accrual of the claims. Special Term granted appellant's motion for leave to amend and serve the proposed amended answer and denied the motions for summary judgment. The first issue presented on this appeal is whether or not plaintiff complied with the provisions of section 3813 of the Education Law which requires that a written verified claim be presented to the governing body of a school district within three months after the accrual of

the claim before an action based on the claim shall be prosecuted or maintained against the school district. Plaintiff has alleged and there is no denial that a final certificate of completion has not been issued by the architect in accordance with the requirements of article 5 of the contract. It has generally been held that a claim does not accrue, and the time within which to file a claim does not start to run until the extent of the damages can be ascertained. (*Shalman* v. *Board of Educ. Cent. School Dist. No. 1*, 31 A D 2d 338; *Tilden Constr. Corp.* v. *State of New York*, 30 A D 2d 612; *Terrace Hotel Co.* v. *State of New York*, 19 A D 2d 434.) Article 5 of the contract required the architect, when he finds the work acceptable under the contract and the contract fully performed, to promptly issue a final certificate stating that the work provided for in the contract has been completed and accepted by him, and that the balance due the contractor is due and payable. The extended period of negotiation carried on with the architect after the building was occupied in September, 1963 indicates that the architect did not consider the work acceptable and the contract fully performed. Until the architect certifies that the balance due the contractor is due and payable, the extent of plaintiff's damages cannot be ascertained. Since no completion certificate has been issued, it is at least, a question of fact as to whether or not the claim has accrued and the filing of the claim was timely. As the court stated in *Tilden Constr. Corp.* v. *State of New York* (*supra*, p. 614): "No final certificate or comparable document having been certified and signed by the Superintendent of Public Works and received by claimant, we conclude that the claimant's notice of claim was timely filed." (Cf. *Michael Harmonay Corp.* v. *Riverso Constr. Co.*, 20 A D 2d 578, mot. dsmd. 14 N Y 2d 957.) Special Term's determination that plaintiff's notice of claim was timely filed and proper when made should be affirmed. Appellant further contends that the extra work alleged by the plaintiff in its third cause of action was not ordered in any written order conforming to the requirements of articles 15 and 16 of the General Conditions of the contract and that, at no time, did any emergency exist endangering rights or property dispensing with the requirements of articles 15 and 16 and, therefore, the plaintiff waived any right to compensation for any alleged extra work. Article 15 of the General Conditions provides that no claim for payment for extra work shall be valid unless such extra work was ordered by a written order signed by the Board of Education authorizing such extra work, or by a written order signed by the architect stating that the board had authorized the extra work. Article 16 requires the contractor, whenever he anticipates that any instructions he receives will involve extra cost to give the architect written notice before proceeding to execute the work. The meeting held on June 13, 1962 was attended by the contractor, the architect, a representative of the board, and the appellant. Special Term considered that the negotiations carried on at the said meeting and following thereafter resulting in the revised site plan might constitute an on-the-job revision of the contract, and that a trial might result in a finding that no extra work or extra cost alterations were effected, but rather a revision of the basic contract itself. Thus, factual issues are raised which require a denial of the motion for summary judgment. Appellant also argues that it would have been impossible to accomplish a revision of the contract binding on the board since there is no evidence of board approval authorizing a contract revision. This contention is based on the fact that since only one representative of the board entered into the negotiations for the new site plan, the legal requirements for approval of any action which the board by law is empowered to undertake were not complied with. This argument also raised a factual issue requiring trial and a denial of the motion for summary judgment. The new site plan was furnished to the contractor by the architect. At that time

neither party knew whether or not the new site plan would require extra earth excavation so no intelligent change order could be issued by the owner or the architect. The contractor proceeded to finish its site work and then determined the additional amount of earth moved. There is no question that the work was done and that extra work was required, the benefit of which accrued to the owner. The questions of waiver and estoppel in regard to the conduct of the board and architect therefore become apparent. In the case of *Joseph F. Egan, Inc.* v. *City of New York* (17 N Y 2d 90) the question was presented as to whether or not the contractor's claim for extra work was waived. The court stated (p. 96) as follows: "Thus it is clear that the plaintiff proceeded to do what it considered extra work without complying with the contract. Conceding this failure, the question nonetheless remains whether the defendant's conduct precludes it from interposing the contract to bar a recovery. The Appellate Division majority held that notwithstanding the jury's verdict recovery was barred as a matter of law. We disagree. In our opinion, enough evidence was produced to make the questions of waiver and estoppel fair questions of fact for the jury. No rule of law precludes such a waiver (*Abells* v. *City of Syracuse*, 7 App. Div. 501; *Rinehart & Dennis Co.* v. *City of New York*, 263 N. Y. 120, 126; *A. & J. Cianciulli Inc.* v. *Town of Greenburgh*, 8 A D 2d 963, affd. 9 N Y 2d 812)." The motions for summary judgment were properly denied. Order, insofar as appealed from by the fourth-party defendant-appellant affirmed, with costs. Reynolds, J. P., Staley, Jr., Greenblott, Cooke and Sweeney, JJ., concur in memorandum by Staley, Jr., J.