■ NORMAN B. SCHERMAN, Appellant, v. BOARD OF EDUCATION OF SCHOOL DISTRICT No. 1, TOWN OF HEMPSTEAD, et al., Respondents.— In an action to recover damages *inter alia* for wrongful discharge, plaintiff appeals from an order of the Supreme Court, Nassau County, entered November 15, 1973, which granted three motions by the separately appearing defendants to dismiss the complaint. Order modified by striking therefrom the second decretal paragraph, which granted the motion of the defendant Board of Education, and substituting therefor a provision denying the motion of said defendant. As so modified, order affirmed, with $20 costs and disbursements to plaintiff against the defendant Board of Education and with $20 costs and disbursements to defendants Cappa and Motoyama against plaintiff. Plaintiff asserts that his contract was to expire on June 30, 1975. On June 22, 1972 the defendant board voted to terminate plaintiff's contract as of June 30, 1972. At a special meeting of the board held on June 25, 1972, plaintiff's contract was terminated, effective immediately. In a prior action based on the same controversy we affirmed a dismissal of plaintiff's amended complaint as against the defendant board for failure to serve a verified notice of claim (*Scherman v. School*

*Dist. No. 1, Town of Hempstead,* 42 A D 2d 841). In this action plaintiff alleges that on November 29, 1972, and within 90 days after accrual of his claim, he served a notice of claim (as required by section 3813 of the Education Law) upon the defendant Board of Education. On June 28, 1972 the State Commissioner of Education issued an order staying plaintiff's dismissal by ordering him reinstated to his position as Superintendent of Schools. He received his salary from that date until September 6, 1972, when the commissioner vacated his order. The issue before us, which we have not previously considered, is whether the claim accrued as of June 25, 1972, the date of dismissal, in which event plaintiff's notice of claim was not timely served, or September 6, 1972, the date upon which his services were *finally* terminated. It has been repeatedly held that the meaning of the term "claim accrued" is not necessarily equatable with the term "cause of action accrued". A claim accrues when it matures and the damages become ascertainable (*McKay Constr. Co.* v. *Board of Educ., South Lewis Cent. School Dist. No. 1,* 33 A D 2d 862; *Shalman* v. *Board of Educ., Cent. School Dist. No. 1,* 31 A D 2d 338; *Waterman* v. *State of New York,* 19 A D 2d 264; *Terrace Hotel Co.* v. *State of New York,* 19 A D 2d 434). In the instant case plaintiff's damages did not become ascertainable until the vacatur of his reinstatement. Prior to that time it could not be known whether he would in fact sustain any substantial damages. We therefore hold that the notice of claim was timely served. The causes of action as against the individual defendants were properly dismissed. Those causes of action are virtually identical to those previously dismissed in the prior action for legal insufficiency (see *Flynn* v. *Sinclair Oil Corp.,* 20 A D 2d 636, affd. 14 N Y 2d 853). Latham, Shapiro and Benjamin, JJ., concur; Martuscello, Acting P. J., and Munder, J., concur in the affirmance of the order as to the individual defendants, but otherwise dissent and vote to affirm the order also as to the defendant Board of Education.