█ CENTRAL SCHOOL DISTRICT NO. 3, TOWNS OF ROMULUS, VARICK AND FAYETTE, Appellant, v SAMUEL KOSOFF & SONS, INC., Respondent.—Order unanimously affirmed, with costs. Memorandum: This is an appeal from an order of Special Term which denied the school district's application made pursuant to CPLR 7503 (subd [b]) to vacate a temporary stay of arbitration and which directed the parties to proceed to arbitration. The dispute arises

from a claim made by Samuel Kosoff and Sons, Inc., to recover extra money claimed to have been earned under a school construction contract performed for the petitioner school district. The issue on appeal is whether Kosoff has complied with the requirements of section 3813 of the Education Law, by filing a claim with the school district within three months after the accrual of such claim. The record reveals that Kosoff filed two separate claims, on January 14, 1970 and on October 22, 1970. A claim accrues when the damages become ascertainable and not when a cause of action· accrues (*Matter of Board of Educ. [Wager Constr. Corp.],* 37 NY2d 283, 290, 291). The damages became ascertainable on or about December 26, 1969, 30 days after Kosoff notified the school district's architect that all work required to be done pursuant to the construction contract had been completed. Therefore, the January 14, 1970 claim which fully detailed the damages was timely and satisfied the purpose of section 3813 of the Education Law by giving the school district prompt notice of claims " 'so that investigation may be made before it is too late for investigation to be efficient' *(Matter of Board of Educ. [Heckler],* 7 NY2d 476, 483, \* \* \* citing *Winbush v City of Mount Vernon,* 306 NY 327, 333; cf., e.g., General Municipal Law, § 50-e)" *(Matter of Board of Educ. [Wager Constr. Corp.]* 37 NY2d 283, 289 *supra).* Had the October 22, 1970 notice of claim been the sole notice filed it would have been time-barred, since it is evident that the damages became ascertainable more than three months prior thereto. The October 22, 1970 claim was filed 30 days after rejection by the school district's architect of the proposed allowances and confuses the time when a claim accrues with the time when a cause of action accrues or when an arbitration may be demanded. However, since the January 14, 1970 notice of claim was timely and consistent with the October 1970 claim because the damages claimed therein, after crediting payments by respondent school district, are substantially identical with the October claim, Special Term properly directed the parties to proceed to arbitration on the January, 1970 claim. (Appeal from order of Seneca Supreme Court,—article 75.) Present—Cardamone, J. P., Mahoney, Dillon, Goldman and Witmer, JJ.