■ WM J. SCHMITT, INC., Respondent-Appellant, v PENFIELD CENTRAL SCHOOL DISTRICT, Appellant-Respondent.—Order unanimously affirmed, without costs. Memorandum: These cross appeals raise questions under section 3813 of the Education Law concerning the timeliness and sufficiency of a notice of claim allegedly filed by plaintiff in June, 1974. Special Term held that a notice sufficient in form had been filed and that a question of fact was raised as to whether the defendant had received it. We accept the reasoning of the court on that point. On this appeal defendant argues for the first time that the notice was not served within three months of the date the claim accrued. In 1972 plaintiff contracted to perform certain improvements on one of defendant's schools. The contract was completed March 29, 1974 and the architect certified the balance was owing on June 26, 1974. Plaintiff sues for $10,516 certified by the architect as due it but allegedly withheld by defendant. Defendant asserts that it owed plaintiff no money, and that pursuant to plaintiff's authorization to invest the 10% retainage on the contract in municipal bonds (see General Municipal Law, § 106), defend-

ant paid $10,516 to the agent of plaintiff, securities broker Paul R. Dean Co., Inc., on March 15, 1973. This lawsuit arises because the broker went bankrupt after receiving the $10,516 from defendant but before it delivered the bonds purchased on plaintiff's account to defendant. After correspondence between the parties about the retained funds, defendant sent plaintiff a letter dated June 26, 1973 in which defendant advised plaintiff that Dean was bankrupt and that it considered its payment to Dean on March 15, 1973 proper payment of plaintiff under the contract. Defendant contends that this is the date the claim "accrued" and that no notice having been presented within three months of June 26, 1973, the claim is barred (Education Law, § 3813). Plaintiff contends that the claim did not accrue until the contract was completed and payment certified by the architect on June 20, 1974. Section 3813 of the Education Law requires that a notice of claim must be presented to the governing body of the school district within three months after "the accrual of such claim." The claim of a contractor accrues when his damages accrue (as distinguished from the event which incurs them), that is, when the damages are ascertainable *(Matter of Board of Educ. [Wagner Constr. Corp.],* 37 NY2d 283, 290; *Shalman v Board of Educ.* 31 AD2d 338, 341; see, also, *Waterman v State of New York,* 19 AD2d 264, 266.) The damages accrued and were ascertainable in this case only after the contract was completed and payment certified in June, 1974. The correspondence in 1973 crystallized the event which incurred the damages, but the claim is for moneys due under a construction contract. The retainage has no independent existence apart from the contract. It was subject to setoffs or debits and was not due to plaintiff until the contract work was completed, the balance due determined and payment certified by the architect. (Appeals from order of Monroe Supreme Court—summary judgment.) Present—Moule, J. P., Cardamone, Simons, Mahoney and Witmer, JJ.