■ ALMAR CONSTRUCTION CORPORATION, Plaintiff, v P. M. HUGHES & SONS, INC., Respondent, and BOARD OF EDUCATION, CENTRAL SCHOOL DISTRICT No. 2, TOWNS OF YORKTOWN, NEW CASTLE AND CORTLANDT, Appellant, et al., Defendant. (And a Third-Party Caption.)—In an action by an unpaid subcontractor, the defendant Board of Education (the Board) appeals, as limited by its brief, from so much of an order of the Supreme Court, Westchester County, dated July 26, 1976, as denied its motion for summary judgment dismissing the amended cross complaint of defendant P. M. Hughes & Co. (Hughes) for failure to state a cause of action by reason of its failure to allege the presentation of a written verified claim to it within three months after accrual of the claim, pursuant to section 3813 of the Education Law. Order reversed insofar as appealed from, on the law, without costs or disbursements; motion for summary judgment granted as to the second claim asserted in the amended cross complaint; and action remitted to Trial Term for an immediate trial, pursuant to CPLR 3212 (subd [c]), of the issue whether Hughes served the "requisition for payment on contract", purporting to be the notice of claim, upon the Board, in accordance herewith. This appeal involves two cross claims asserted by Hughes against the Board. The first claim seeks $85,000 as the balance due on a contract for work, labor and services. The second claim seeks $50,000 as extras. Hughes and the Board entered into a contract whereby Hughes was to act as the general contractor for the construction of the French Hill School in Yorktown Heights. Third-party defendant Emilio John Di Rienzo, the architect, was the Board's representative. During the course of the construction, Hughes incurred additional costs for various reasons. In a letter to Di Rienzo dated December 19, 1969, Hughes sought payment for additional expenses incurred during the period of August 11, 1969 to December 12, 1969. In a second letter to Di Rienzo, dated April 22, 1970, Hughes sought payment for additional expenses incurred during the period of December 9, 1969 to January 27, 1970. In a third letter to Di Rienzo, dated April 24, 1970, Hughes sought payment for additional expenses, apparently incurred at the same time as those in the first letter. These letters were not notarized. However, the letters indicate that copies were sent to the Board. By a document entitled "requisition for payment on contract", dated June 4, 1970 and addressed to Di Rienzo, Hughes requested final payment on its contract with the Board. Incorporated by reference in this requisition were the aforementioned letters claiming extras. By letter dated June 9, 1970, Di Rienzo rejected the requisition on the ground that it improperly included a claim for extras. According to Hughes, after Di Rienzo's rejection, the requisition was delivered personally to the Board. The Board denies ever having received such a document. Thereafter this action was commenced by a subcontractor of Hughes, seeking payment for work, labor and services. Hughes cross-claimed against the Board as indicated above. After Hughes served an amended cross complaint, the Board moved for summary judgment on the ground that Hughes had failed to comply with the provisions of section 3813 of the Education Law. That section requires a claimant against a Board of Education to submit a written verified notice of claim to the board within three months of the date on which the claim accrued. Trial Term denied the motion. We reverse. We agree with Hughes that the requisition incorporating the letters claiming extras contains sufficient facts to constitute a notice of claim. It gives the necessary information as to the nature of the claim, the time when it arose, the amount sought and how

such amount was calculated (cf. *Widger v Central School Dist. No. 1,* 18 NY2d 646). However, the parties disagree as to whether the Board actually received this requisition. We do not agree with Hughes' contention that section 3813 is satisfied because Di Rienzo, the Board's representative under the contract, concededly received the requisition. There is nothing in the record which indicates that Di Rienzo was given authority by the Board to receive the notice of claim. Thus, the critical question is whether Hughes, as he has contended throughout this case, brought the requisition to the Board subsequent to its rejection by Di Rienzo. As this is a factual dispute, it could not have been determined upon a motion for summary judgment. Therefore, an immediate trial of the issue should be conducted pursuant to CPLR 3212 (subd [c]). There being no other issues which would prevent immediate disposition of the Board's motion, we instruct Trial Term as follows: (1) if, upon the trial, it should find that Hughes delivered the requisition to the Board, as alleged, the motion for summary judgment should be denied as to the first cross claim; (2) if, however, it finds that Hughes failed to deliver the requisition to the Board, summary judgment should be granted to the Board as to the first cross claim. We restrict the effect of this trial to the first cross claim because, on the record, the Board is presently entitled to summary judgment on the second cross claim, as notice of claim, even if served, was not timely. For the purpose of section 3813, a claim accrues at the time the damages become ascertainable (see *Scherman v Board of Educ.,* 44 AD2d 831, affd 37 NY2d 839). According to Hughes' letters to Di Rienzo, all additional expenses which are the basis of this claim had been incurred on or before January 29, 1970. Thus, the claim accrued no later than that date (cf. *Matter of Board of Educ. [Wager Constr. Corp.],* 37 NY2d 283). Since the notice of claim was submitted no earlier than June 4, 1970, the date of the requisition, it is apparent that this claim is untimely. Hopkins, J. P., Rabin, Hawkins and O'Connor, JJ., concur.