■ CARTHAGE CENTRAL SCHOOL DISTRICT No. 1, Respondent, v REDDICK & SONS OF GOUVERNEUR, INC., Appellant. (Appeal No. 1.)—Order unanimously reversed, without costs, and motion denied. Memorandum: Contrary to the finding at Special Term, we find that the claim of respondent-appellant (hereinafter referred to as contractor) in Appeal No. 1 with respect to the disputed change orders did not accrue until October 30, 1975, and that therefore the notice of claim dated November 8, 1975 and served November 20, 1975 was timely under subdivision 1 of section 3813 of the Education Law. Special Term apparently concluded that inasmuch as the contractor in its letter to the architect of the petitioners-respondents (hereinafter referred to as the school district), dated October 30, 1975, claimed interest on certain of the items, the contractor's claim accrued on the most recent date from which interest was calculated (viz., July, 1975). There were, however, other orders listed in the same letter for which interest was not claimed and which were referred to in the letter as "new change orders." One of these orders, "Drawing SKA-8," dated August 29, 1975, is referred to in two previous letters from the architect to the contractor dated September 9, 1975 and September 16, 1975, and appears to involve correction of drainage and paving projects. Clearly, this work had not been completed as of the September 16, 1975 letter and it is reasonable to conclude that at that time the contractor did not know the extent of his damages with respect to these corrections. The October 30, 1975 letter is the first time the record indicates that the projects were complete or at least that a monetary amount was ascertainable with respect to "SKA-8." Thus we conclude that the claim accrued on October 30, 1975. When a number of distinct items within a contract are in dispute, the claim accrues when damages are ascertainable for all of the disputed items (see *Matter of Board of Educ. v Wager Constr. Corp.,* 37 NY2d 283, 291; *Almar Constr. Corp. v Hughes & Sons,* 58 AD2d 615, app dsmd 42 NY2d 1009). The notice of claim also demanded final payment under the contract. Inasmuch as the change orders under the contract had not been completed prior to October 30, 1975, this portion of the claim was also timely (see *Matter of Board of Educ. v Wager Constr. Corp., supra; Wm. J. Schmitt, Inc. v Penfield Cent. School Dist.,* 54 AD2d 1100; *Shalman v Board of Educ.,* 31 AD2d 338). The school district argues that the notice of claim dated November 8, 1975 was inadequate because it did not set forth facts sufficient to allow the school district to investigate the

purported claims. There is no precise formula regarding what must be included, but, as stated in *P. J. Panzeca, Inc. v Board of Educ.* (29 NY2d 508, 509, app dsmd 29 NY2d 749), "the critical element in a verified claim in a contract action is the monetary demand and some suggestion at least on how the sum is arrived at or the damages incurred." The notice of claim here is adequate under the circumstances. It contains a specific monetary demand for disputed extras ($34,007.14) and another for final payment ($41,184.42) and states that the claims are for contractual damages and/or for labor, services and materials furnished by the contractor in connection with performance of the contract between the parties concerning the new elementary and middle schools construction project, Jefferson County, New York. It is not clear whether the school district received a copy of the October 30, 1975 letter but the record shows that the school district had received copies of much of the correspondence between the architect and the contractor and had participated in the decisions concerning whether to accept or reject certain items. The situation is different from that in which a tort claim is asserted and in which the school district or board of education may not even have been advised of the accident until receipt of a notice of claim (see 23 Carmody-Wait 2d, NY Prac, pp 362-363). Turning to Appeal No. 2, we find that the notice of claim which appears to have been served on November 5, 1976 was timely. Generally, a contractor's claim "accrues" when its damages accrue (as distinguished from the event which causes them), that is, when its damages are ascertainable *(Matter of Board of Educ. v Wager Constr. Corp.* 37 NY2d 283, *supra; Shalman v Board of Educ.,* 31 AD2d 338, *supra).* Rejection by the architect of work or claims does not in itself mark accrual of a claim (see *Central School Dist. No. 3, Towns of Romulus, Varick & Fayette v Kosoff & Sons,* 53 AD2d 1058). Where there is still a likelihood of setoffs and debits (see *Wm. J. Schmitt, Inc. v Penfield Cent. School Dist.,* 54 AD2d 1100, *supra)* or a difficulty in determining whether in fact substantial damages would be sustained (see *Scherman v Board of Educ.,* 44 AD2d 831, affd 37 NY2d 839), a claim does not accrue. We find that the claim accrued not in June of 1976 but on September 16, 1976, the date of the letter from the architect to the school district setting forth all the work remaining and the estimated costs of each item. This was the first time all of the demanded work items were set forth along with the expected costs of each, and the first time a total cost figure had been established. While the two letters of June 14, 1976 from the architect to the contractor contain demands for repairs of many of the same items listed in the September 16, 1976 letter, these letters are no different from the many letters exchanged during a period of many months concerning a variety of disputed items. The record reflects constant adjustments and changes in the work demanded of the contractor, both before and after June, 1976, until the school formalized its position on September 16, 1976. Thus, the notice of claim was timely under subdivision 1 of section 3813 of the Education Law. The school district argues that the notice of claim did not contain sufficient specificity to apprise the school district of the claim against it. The notice incorporated by reference the letter of September 16, 1976 from the architect to the school's attorney, which, in conjunction with the notice of claim, provides more than adequate specificity (see *Almar Constr. Corp. v Hughes & Sons,* 58 AD2d 615, *supra).* Two other issues raised by the school district —that many items making up the November 5, 1976 claim had been acknowledged by the contractor as its responsibility, and that the demand for arbitration dated November 4, 1976 and the demand for arbitration dated December 19, 1975 encompass the same items—are matters for the

arbitrator to resolve. The school district also contends, and we agree, that inasmuch as the notice of claim was served on November 5, 1976, and the notice of intention to arbitrate was dated November 4, 1976, the contractor could not possibly have complied with subdivision 1 of section 3813 of the Education Law which requires that the moving papers allege that the officer or body with the power to adjust or pay the claim has neglected or refused to make an adjustment or payment thereof for 30 days after presentment of the notice of claim. This is a defect not in the notice of claim, which we have found to be adequate, but in the notice of intention to arbitrate. Therefore, we affirm Special Term's vacation of the notice of intention to arbitrate and stay of arbitration, but without prejudice to the right of the contractor, if so advised, to serve within 10 days a notice of intention to arbitrate amended to comply with the requirement of subdivision 1 of section 3813 of the Education Law. (Appeal from order of Jefferson Supreme Court—arbitration.) Present—Moule, J. P., Cardamone, Dillon, Hancock, Jr., and Schnepp, JJ.