*983 OPINION OF THE COURT
Aaron D. Bernstein, J.
This is an action for damages arising out of a construction contract entered into by the parties in March, 1973. Plaintiff, alleging three causes of action, seeks recovery for (1) the contract balance due; (2) additional work done under change Orders Nos. G13 and G14; and (3) extra work done under protest. The defendant, board of education, now moves to amend its answer to assert a defense based upon plaintiff’s failure to comply with the notice of claim requirements of section 3813 of the Education Law, and for summary judgment dismissing plaintiff’s second and third causes of action on the ground that said notice of claim was not timely served pursuant to section 3813.
Leave to amend the pleadings “shall be freely given” absent prejudice or surprise (CPLR 3025, subd [b] ; Fahey v County of Ontario, 44 NY2d 934, 935), neither of which has been demonstrated here. Accordingly, defendant’s motion to amend its answer to include a defense pursuant to the notice of claim requirements of section 3813 is granted. Said amended answer shall be served within 15 days following the date of this decision.
The merits of this new defense shall hereafter be considered in conjunction with the second branch of defendant’s motion for summary judgment which is based on said defense.
A condition precedent to the commencement of an action against the board of education is compliance with subdivision 1 of section 3813 of the Education Law which requires the presentment to it of a “written verified claim * * * within three months after the accrual of such claim” (Matter of Board of Educ. [Heckler Elec. Co.], 7 NY2d 476, 482; Anderson Constr. Co. v Board of Educ., 229 NYS2d 337, 339). It being undisputed that plaintiff served an otherwise proper notice of claim upon the board of education on December 22, 1976, the only issue facing this court is whether the notice was timely served within the requisite three-month period after the claim had accrued.
Our appellate courts unanimously agree that a claim accrues under section 3813 when the damages are ascer *984 tamable (see, e.g., Board of Educ. [Wager Constr. Corp.], 37 NY2d 283, 290; Shalman v Board of Educ., 31 AD2d 338, 341; McKay Constr. Corp. v Board of Educ., 33 AD2d 862, 864; Wm. J. Schmitt, Inc. v Penfield Cent. School Dist., 54 AD2d 1100, 1101). Unfortunately, however, none of these decisions offer any helpful or meaningful guidelines as to when damages become ascertainable. Instead, they simply leapfrog from a statement of the principle to a conclusion as to when this occurred within the facts of the particular case (see, e.g., Board of Educ. [Wager Constr. Corp.], supra, pp 290-291; Central School Dist. No. 3, Towns of Romulus, Varick & Fayette v Kosoff & Sons, 53 AD2d 1058, 1059). The concept is further muddled by the additional proposition set forth in some of these opinions that the time when damages are ascertainable is not to be confused with the time when a cause of action accrues (Board of Educ. [Wager Constr. Corp.], supra, p 291; Central School Dist. No. 3, Towns of Romulus, Varick & Fayette v Kosoff & Sons, supra, p 1059). Again, however, the courts fail to tell us how and why these time frames are to be distinguished, particularly in light of the wording of section 3813 (see infra). This lack of any clear analysis has, in this court’s opinion, placed a great burden on the litigants in deciding when they must serve their notices of claim (as the instant case graphically illustrates) and upon the courts in making the same determination vis-a-vis motions such as this.
Within the factual context of this case, this court will therefore attempt to formulate some guiding principles applicable to the accrual of construction contract claims under section 3813 in accordance with the purposes of this notice of claim statute. Section 3813 itself begins by stating that “No action or special proceeding * * * shall be prosecuted or maintained”, thus indicating that a notice of claim is to be principally used in connection with a potential lawsuit. Consistent therewith, it has been stated that “Section 3813 is clearly intended to afford a school district the opportunity to investigate the claims of all kinds to obtain evidence promptly while it is still readily available, and to adjust or make payment before litigation is commenced” (Matter of Board of Educ. [Great Neck Teachers Assn.], 69 Misc 2d 1061, 1067, affd 40 AD2d 950; Board of Educ. *985 [Wager Constr. Corp.], 37 NY2d 283, 289, supra; Board of Educ. v Southern, 97 Misc 2d 631, 633).
 Considered in light of these purposes, a notice of claim should not be required unless and until there is some basis or reason for the claimant to believe that there is a dispute with his claim and that an action may be necessary to recover thereon (cf. Mars Assoc. v Board of Educ., 96 Misc 2d 393, 395). “Prior to that time it could not be known whether he would in fact sustain any substantial damages” (Scherman v Board of Educ., 44 AD2d 831, 832, affd 37 NY2d 839, 840-841). This necessarily leads to the conclusion that it is only at such time as the claimant is advised by the board of education, either in writing or by the board’s actions, that his claim or request for payment thereof may not be honored or, in fact, will be rejected, that the three-month period within which he must serve a notice of claim should accrue (cf. Anderson Constr. Co. v Board of Educ., 229 NYS2d 337, 339, supra). It is at that critical time that the claim should be regarded as having ripened into one for ascertainable damages, provided, of course, that the amount of damages are then known. If, at that time the extent of damages has not yet been determined, then we must await the completion of the work in question to determine when the damages become ascertainable and so fix the date for the accrual of the claim. (McKay Constr. Co. v Board of Educ., 33 AD2d 862, 864, supra; Wm. J. Schmitt, Inc. v Penfield Cent. School Dist., 54 AD2d 1100, 1101, supra; see, also, Carthage Cent. School Dist. No. 1 v Reddick & Sons of Gouverneur, 67 AD2d 808.) On the other hand, the completion of work which is not yet in dispute should not alone be decisive, but must await a subsequent rejection or disavowal before the accrual period begins. Otherwise, every request for payment or change order, or extra work performed by a contractor would require the claimant or contractor to serve a separate notice of claim simultaneously therewith or upon the completion of the specific work in question without regard to whether the item is in dispute or not, a result which would seemingly not be intended by section 3813 (see Carthage Cent. School Dist. No. 1 v Reddick & Sons of Gouverneur, supra, p 808). Finally, the principles enunciated herein may be varied by *986 the parties by express provision in their underlying agreement.
In applying the foregoing analysis to the instant matter, the court notes at the outset that while the board has raised in their answer a provision in their contract with plaintiff which provides for a statement of claim, its applicability herein has not been demonstrated on this motion. A recitation of the pertinent uncontroverted facts and the respective positions of the parties is therefore in order.
Plaintiff’s second cause of action is based on its claim for payment on two change orders — Nos. G13 and G14 — issued by the defendant board on April 14, 1974 and May 3,1974, respectively. After completion of the work involved in these change orders, plaintiff submitted a letter to defendant, dated October 22, 1975, containing an itemized breakdown of amounts due plaintiff because of these change orders. Defendant contends that it was on the date of that letter, October 22, 1975 — when plaintiff was able to state how much it was owed as a result of the two change orders— that plaintiff’s damages were ascertainable and its claim accrued.
Plaintiff’s third cause of action is based on work it did “under protest”, i.e., work done by plaintiff at the direction of the defendant which the parties were in dispute about as to whether it was part of the contract or not. The amounts due plaintiff for this work were set forth in letters by plaintiff to the defendant between November, 1973 and July, 1975. Defendant, again relying on the dates when plaintiff was able to say how much it was owed for that work, asserts that plaintiff’s damages as to this cause of action were ascertainable no later than July, 1975 and so the December 22, 1976 service of a verified claim was untimely in the board’s view under both causes of action.
On September 30, 1976 work on the building was completed and defendant made its final payment to plaintiff. It is plaintiff’s position that until it received final payment from defendant it had no way of knowing that its charges for the two change orders and the work done under protest were being rejected and that it had a “claim” against the defendant board. Therefore, according to the plaintiff, its *987 claim against the defendant accrued on September 30,1976 and its notice of claim served on December 22, 1976 is therefore timely.
Based upon these facts, the court finds itself unable to agree with either party as to when the claims accrued. Neither side demonstrated when, if at all, defendant advised plaintiff that it was rejecting the change orders and charges for the extra work done under protest. The board has not shown in connection with the letters it relies upon that it had denied these claims prior thereto. The plaintiff, on the other hand, in its requisition for final payment, submitted to defendant on September 20, 1976, did not, for reasons not made known to the court, include these claims therein. The court therefore cannot say with any certainty that the final payment by the board constituted a rejection of plaintiff’s claims.
Accordingly, the court cannot decide this issue upon the papers submitted herein, and defendant’s motion for summary judgment is therefore denied. Furthermore, this action is on the Trial Term Calendar. An immediate trial of this issue can be had.