■ QUAKER-EMPIRE CONSTRUCTION Co., Respondent, v D. A. COLLINS CONSTRUCTION Co., INC., et al., Appellants. — Appeal from a judgment of the Supreme Court in favor of plaintiff, entered September 30, 1981 in Rensselaer County, upon a decision of the court at Trial Term (Pennock, J.), without a jury. Defendant D. A. Collins Construction Co., Inc. (Collins), was the principal contractor with the State of New York for construction of a portion of Interstate Route 90, under a contract requiring completion of the project by October 1, 1975. Collins entered into a subcontract with plaintiff for installation of guardrails, fences, bridge railings, signs, and similar items. Since most of the work plaintiff contracted to perform was contingent on prior completion of the grading and paving of the roadway and construction of the bridges, the main contract's work progress schedule provided for plaintiff's performance in the later stages of the project. The work schedule also excluded the winter months from the time during which plaintiff's performance was required. It is undisputed that the project did not progress as scheduled, with the result that the bulk of plaintiff's work could not begin until November, 1975, more than a month after the agreed upon date for completion of the highway. Moreover, most of plaintiff's performance took place during the winter months of 1975-1976, when weather conditions seriously impeded the work. After completion of the project and its acceptance by the State in 1976, plaintiff brought the instant action for payment of the balance due and other charges under the subcontract and for damages for breach of contract, alleging that the delay and resultant additional expense to plaintiff were caused by defendant's nonperformance. The trial court awarded judgment in plaintiff's favor, and this appeal ensued. The record substantiates the trial court's disposition of the case. There was more than sufficient evidence to support its findings that Collins' delay and faulty performance prevented timely and economical completion of plaintiff's work under its subcontract. Notably, the completion of paving, a precondition to much of plaintiff's performance, was delayed well into the late fall of 1975, and was attributable in large part to the failure of Collins to put in its own asphalt plant and to obtain timely State approval of its

paving subcontractor. Plaintiff's performance with respect to the installation of signs was impeded by the erroneous field measurements furnished to it by Collins and by Collins' delay in completion of final grading of the road shoulders. Incomplete final grading and paving of road shoulders also hampered the installation of guardrails and fences. Also, Collins' neglect to properly position gaps in the concrete bridge curbing for installation of bridge guardrails required plaintiff to excavate the affected locations and remove the concrete at its own expense. Moreover, it was at Collins' insistence, in order to avoid the risk of the imposition of liquidated damages by the State for its delay, that plaintiff was required to perform the bulk of its work during the winter months, resulting in substantial additional operating expenses. The delay and improper performance of the preparatory work by Collins found by the trial court, and not within the contemplation of the parties when their contract was executed, constituted a material breach of Collins' implied obligation not to hinder or obstruct plaintiff's performance (*Fehlhaber Corp. v State of New York,* 65 AD2d 119). Under these circumstances, plaintiff could elect not to abandon the contract, but to complete it and sue for damages traceable to defendant's breach (*Shalman v Board of Educ.,* 31 AD2d 338). Whether the State or other third parties may have contributed to some of the delay is irrelevant to the issue of Collins' liability (*Wilkinson v First Nat. Fire Ins. Co. of Worcester, Mass.,* 72 NY 499, 505; see, also, *Canadian Ind. Alcohol Co. v Dunbar Molasses Co.,* 258 NY 194). Having resolved the liability issue in plaintiff's favor, the trial court properly applied the measure of damages under our holding in *Whitmyer Bros. v State of New York* (63 AD2d 103, affd 47 NY2d 960). Collins' remaining principal points on appeal are similarly without merit. Thus, the trial court was correct in awarding interst on the unpaid final installment of the contract price from a date before Collins received final payment from the State, under a provision of the subcontract stating that, "[s]hould final payment be withheld due to a dispute between the State and * * * [Collins] * * * final payment to Quaker-Empire will be within 30 days of completion of Quaker-Empire's work". Interest from March 1, 1976, on the amount due under the December 31, 1975 invoice was also properly awarded. Advance procurement in bulk of the materials represented by that invoice was not required under plaintiff's subcontract with Collins. Hence Collins' separate written promise to pay the invoice within 60 days was supported by valid consideration. In view of its findings that delays in completion of the project were primarily attributable to Collins' nonperformance, the trial court was also correct in dismissing Collins' counterclaim. Accordingly, the judgment should be affirmed in all respects. Judgment affirmed, with costs. Main, J. P., Mikoll, Yesawich, Jr., Weiss and Levine, JJ., concur.