■ TASCONE SLATE ROOFS, INC., Respondent, v JOHN QUADROZZI, Appellant.—In an action to recover damages for breach of contract, the defendant appeals from a judgment of the Supreme Court, Nassau County (Jordan, J.H.O.), entered February 28, 1990, which, after a nonjury trial, is in favor of the plaintiff and against him in the principal sum of $3,000.

Ordered that the judgment is affirmed, with costs.

On April 15, 1985, John Quadrozzi entered into a contract with Tascone Slate Roofs, Inc. (hereinafter Tascone), to make enumerated improvements and repairs to his home. In June 1985 Tascone's crew left the job site. Tascone was paid $21,080 out of the agreed-upon $25,500 for the job. Quadrozzi refused to pay the remainder because, *inter alia,* Tascone failed to do certain "flashing" work on a portico and failed to install certain leaders to the leader heads of gutters. Tascone commenced the instant action for the balance of the contract price.

The trial court correctly concluded that Tascone substantially performed the home improvement contract *(see, Fox v Davidson,* 36 App Div 159). Moreover, to the extent that Tascone failed to perform the agreed-upon roofing and flashing work on Quadrozzi's front portico and complete the installation of leaders, we decline to disturb the trial court's finding that Quadrozzi obstructed or frustrated Tascone's completion by failing to make the portico structurally sound to support slate shingles and to install dry wells to enable Tascone to complete the installation *(see, Savin Bros. v State of New York,* 62 AD2d 511, 516, *affd* 47 NY2d 934; *Shalman v Board of Educ.,* 31 AD2d 338, 341).

We find no reason to set aside the trial court's verdict as being against the weight of the evidence. "Resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the trier of fact, which saw and heard the witnesses, and, necessarily, is in a superior position to judge veracity than an appellate court, which reviews but the printed record" *(Kincade v Kincade,* 178 AD2d 510, 511; *Barnet v Cannizzaro,* 3 AD2d 745). The verdict was supported by the record.

We have reviewed Quadrozzi's remaining contentions and find them to be without merit. Balletta, J. P., O'Brien, Copertino and Pizzuto, JJ., concur.