◼ CLARENCE POPE, Appellant-Respondent, v HEMPSTEAD UNION FREE SCHOOL DISTRICT BOARD OF EDUCATION, Respondent-Appellant. [598 NYS2d 814] —In an action, *inter alia,* to recover disability payments, the plaintiff appeals from so much of an order of the Supreme Court, Nassau County (Brucia, J.), dated January 7, 1991, as granted that branch of the defendant's motion which was for summary judgment dismissing the plaintiff's first cause of action and denied the plaintiff's cross motion for leave to present a late notice of claim and related relief, and the defendant cross-appeals from so much of the order as denied those branches of its motion which were for summary judgment dismissing the second and third causes of action and granted leave to amend the complaint to include the requisite allegation of presentment of a notice of claim dated March 22, 1989.

Ordered that the order is affirmed, without costs or disbursements.

On March 19, 1987, the defendant and the plaintiff entered into a contract whereby the plaintiff was retained as the Superintendent of the Hempstead Union Free School District. Pursuant to the agreement, the plaintiff was entitled to receive accumulated but unused sick and vacation days upon the termination of his employment with the defendant and a disability income insurance policy with benefits of $1,500 per month, the premium of which was to be paid by the defendant during the term of the contract. On June 2, 1988, the plaintiff suffered a massive heart attack, and he was never able to return to work. Subsequently, the plaintiff notified the defendant of his retirement by letter dated December 1, 1988, to be effective immediately.

Shortly after his retirement, by letter dated January 16, 1989, the plaintiff requested payment for unused sick leave and vacation time. The plaintiff received from the defendant a check dated January 27, 1989, in the amount of $10,330.20 which purportedly represented full payment for his accumulated sick leave. A separate check was also drawn on the same day purportedly for the cash value of his unused vacation days. However, this check was never tendered to him and was subsequently voided. On February 1, 1989, the plaintiff wrote the defendant requesting release of his check for his accumulated vacation days, but he never received a response to this

letter. By letter dated March 22, 1989, the plaintiff's counsel demanded payment of all benefits, i.e., disability insurance benefits, vacation time, and sick time benefits, each of which was itemized and explained to the defendant, and, on or about July 17, 1989, the plaintiff presented a formal notice of claim.

The plaintiff commenced this action alleging three causes of action sounding in breach of contract, the first alleging a failure to provide disability coverage following his retirement on permanent disability, the second alleging a failure to compensate him for accrued but unused sick leave, and the third alleging a failure to compensate him for accrued but unused vacation days. The Supreme Court granted that branch of the defendant's motion for summary judgment which was to dismiss the plaintiff's first cause of action on the ground that his claim for disability benefits accrued no later than December 1, 1988, when he retired, and that, pursuant to Education Law § 3813, his claim was untimely. However, those branches of the defendant's motion which were for summary judgment dismissing the plaintiff's second and third causes of action were denied on the ground that the unverified letter dated March 22, 1989, sent by the plaintiff's counsel to the defendant, could be deemed a notice of claim, thus constituting timely notice of those claims.

It is well established that as a condition precedent to an action against a school district, Education Law § 3813 requires that a notice of claim be presented to the governing body of the school district within 90 days from the accrual of the claim (see, Education Law § 3813 [1]; Parochial Bus Sys. v Board of Educ., 60 NY2d 539, 547-548). However, a school district may be estopped from asserting a notice of claim defense where the school district's affirmative conduct has induced the other side to delay in presenting the notice of claim (see, Smith v Sagistano, 186 AD2d 180). In the instant case, there is no evidence of any affirmative conduct on the part of the defendant which could have induced the plaintiff to refrain from presenting a timely notice of claim (see, Smith v Sagistano, supra).

A claim accrues for purposes of Education Law § 3813 when it matures and damages become ascertainable (see, Matter of Board of Educ. [Wager Constr. Corp.], 37 NY2d 283, 290-291), and it is well established that the term "claim accrued" is not necessarily equatable with the term "cause of action accrued" (see, Scherman v Board of Educ., 44 AD2d 831). We agree with the Supreme Court that the plaintiff's first cause of action for disability benefits accrued no later than December 1, 1988,

when he became aware that no disability benefits of $1,500 per month had been purchased by the defendant on his behalf *(see, Chem Constr. Corp. v Board of Educ.,* 105 Misc 2d 980). We also agree that the plaintiff's second and third causes of action did not accrue until he received the check for unused sick leave on January 27, 1989, and after he unsuccessfully attempted to recover compensation for unused vacation time by letters dated January 16, 1989, and February 1, 1989, respectively *(see, Chem Constr. Corp. v Board of Educ., supra).*

With regard to the issue of timeliness, the March 22, 1989, letter constituted substantial compliance with the notice of claim requirement, despite the fact that it was not verified, because it contained a sufficient degree of descriptive detail and was adequately served upon the defendant *(see, Parochial Bus Sys. v Board of Educ., supra; also see, Matter of Belluardo v Board of Educ.,* 68 AD2d 887). Accordingly, we find that the plaintiff's second and third causes of action, having accrued in late January/February 1989 were timely presented to the defendant within three months of their accrual. However, since the claim asserted in the first cause of action accrued no later than December 1, 1988, it is apparent that a notice of claim with respect to this cause of action was not timely presented *(see, F & G Heating Co. v Board of Educ.,* 103 AD2d 791; *Almar Constr. Corp. v Hughes & Sons,* 58 AD2d 615). Moreover, based on the plaintiff's failure to request leave to present a late notice of claim until September 12, 1990, more than one year after his cause of action accrued, he cannot be granted leave pursuant to Education Law § 3813 to present a late notice of claim with respect to his claim for disability benefits *(see,* Education Law § 3813 [2-a], [2-b]; *Philson Painting Co. v Board of Educ.,* 133 AD2d 619). Balletta, J. P., Eiber, Ritter and Santucci, JJ., concur.