■ In the Matter of NORMAN D. BADER, Petitioner, v BOARD OF EDUCATION OF THE LANSINGBURGH CENTRAL SCHOOL DISTRICT, Respondent. [627 NYS2d 858] —Peters, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which suspended petitioner from his position as a tenured teacher without pay for one year.

In June 1993, upon a finding by respondent that probable cause existed to initiate a disciplinary proceeding against petitioner, he was charged with insubordination, incompetence and conduct unbecoming a teacher. At a hearing pursuant to Education Law § 3020-a, where both parties were represented by counsel, respondent called 15 witnesses consisting of four administrators, 10 students and a janitor. Petitioner was the sole defense witness.

In the "Report of the Findings and Conclusions of the Hearing Panel," petitioner was found guilty of five of the 12 specific charges constituting insubordination, incompetence and conduct unbecoming a teacher. Devoid of analysis, the Hearing Panel simply annexed a copy of the charges and found portions thereof established by the credible evidence. Based thereon, the Hearing Panel recommended that petitioner be suspended for one year without pay. Such recommendations were implemented by respondent and petitioner was notified of respondent's resolution on December 23, 1993, with petitioner's suspension beginning on January 3, 1994. Petitioner commenced this CPLR article 78 proceeding against respondent on April 1, 1994, seeking to annul the determination.

The first question we face is whether the instant proceeding was timely commenced pursuant to Education Law § 3813 (1). The phrase "claim accrued" is not the same as "cause of action accrued" (*see, Scherman v Board of Educ.*, 44 AD2d 831, 832, *affd* 37 NY2d 839). A claim accrues when the damage has matured and becomes certain and ascertainable (*see, Matter of Board of Educ. [Wager Constr. Corp.]*, 37 NY2d 283; *Matter of Board of Educ. [Merritt Meridian Constr. Corp.]*, 210 AD2d 854; *Scherman v Board of Educ., supra*; *McKay Constr. Corp. v Board of Educ.*, 33 AD2d 862). Here, the claim was not mature until petitioner received notice of suspension on December 23, 1993. Accordingly, we find that the proceeding was not timely commenced (*see*, Education Law § 3813 [1]; *see also, Hoger v Thomann*, 189 AD2d 1048). However, since respondent was aware of petitioner's claims due to a prior unemployment compensation case involving the same parties and similar issues, and since we do not find that any prejudice has inured to

respondent by the attempt to file the late notice of claim, we grant petitioner's application pursuant to Education Law § 3813 (2-a).

We next note that petitioner's attempts to test the constitutionality of Education Law § 3012 (2), which allows removal for "conduct unbecoming a teacher", as vague cannot be addressed, not only because an "article 78 proceeding[ ] [is an] inappropriate vehicle[ ] to test the constitutionality of [a statute]" (*Matter of Overhill Bldg. Co. v Delany*, 28 NY2d 449, 458), but also because proper notice was not provided to the Attorney-General (*see*, CPLR 1012 [b]; Executive Law § 71; *see also, Liffiton v Grossman, Levine & Civiletto*, 100 AD2d 732).

As to the substantive issues, we find that the Hearing Panel was required to make written findings of fact, a conclusion and a recommendation for the disposition of the instant matter (*see*, Education Law § 3020-a [4]; 8 NYCRR 82-2.11 [i]; *see also, Matter of Simpson v Wolansky*, 38 NY2d 391, 394). Such findings must be in a form to enable the party aggrieved to understand its basis "so as to permit intelligent challenge * * * and adequate judicial review" (*Matter of Simpson v Wolansky, supra*, at 396; *see, Matter of Rochdale Mall Wines & Liqs. v State Liq. Auth.*, 29 AD2d 647, *affd* 27 NY2d 995). "The findings of the panel on each charge, and the recommendations of the panel as to disciplinary action shall be based solely upon the record in the proceedings * * * and shall set forth the reasons and the factual basis for the determination" (8 NYCRR 82-2.11 [i]).

We find the "Report of the Findings and Conclusions of the Hearing Panel" to be conclusory, giving no indication of the underlying basis for its determination (*see*, Education Law § 3020-a [4]; 8 NYCRR 82-2.11 [i]; *cf., Kinsella v Board of Educ.*, 378 F Supp 54, *affd* 542 F2d 1165). As noted by petitioner, the Commissioner in *Appeal of Robert De Michele* (33 Ed Dept Rept 526), annulled a suspension based upon a similar report which was devoid of written findings. Since the Hearing Panel here failed to make any written findings of fact specifying the basis for its conclusion, we find that it deprived petitioner of the ability to intelligently challenge the determination and ensure adequate judicial review. Accordingly, we annul the Hearing Panel's determination and remit it for a proper determination.

Mikoll, J. P., Mercure, White and Yesawich Jr., JJ., concur. Adjudged that the determination is annulled, with costs, and matter remitted to the Hearing Panel for further proceedings not inconsistent with this Court's decision.