# SECOND DEPARTMENT, JUNE, 1979

## (June 4, 1979)

■ ALMAR CONSTRUCTION CORPORATION, Plaintiff, v P. M. HUGHES & SONS, INC., Appellant, and BOARD OF EDUCATION, CENTRAL SCHOOL DISTRICT No. 2, TOWNS OF YORKTOWN, NEW CASTLE AND CORTLANDT, Respondent, et al., Defendant. (And a Third-Party Action.)—In an action by an unpaid subcontractor, defendant P. M. Hughes & Sons, Inc. (Hughes), appeals from an order of the Supreme Court, Westchester County, dated January 18, 1978, which, pursuant to a jury verdict finding that Hughes had failed to serve a notice of claim upon the defendant board of education (the Board), granted summary judgment in favor of the Board dismissing Hughes' first cross claim. Order reversed, on the law, without costs or disbursements, and the action is remitted to Trial Term for an immediate trial, pursuant to CPLR 3212 (subd [c]), on the issue of whether Hughes "presented" a copy of its final requisition (which this court has already held constitutes a notice of claim *[Almar Constr. Corp. v Hughes & Sons,* 58 AD2d 615]) to the Board within the meaning of section 3813 of the Education Law. Pursuant to the prior decision of this court between the very same parties *(Almar Constr. Corp. v Hughes & Sons, supra),* a jury trial was ordered as to whether Hughes' notice of claim was served upon the Board. In charging the jury on this issue the trial court stated that Hughes was required to serve its final requisition on the Board pursuant to CPLR 311, which provided, in relevant part, at the time of service: "Personal service upon a corporation or governmental subdivision shall be made by delivering the summons as follows: * * * 7. Upon a school, park, sewage or other district, to the clerk, any trustee or any member of the board."* Although Hughes conceded that it had not made personal service upon "the clerk, * * * trustee or any member of the board" as was required by CPLR 311, it nevertheless argued that it delivered its notice of claim to the Board which was all that was

---

* This provision is now embodied in CPLR 311 (subd 7) (L 1976, ch 745, § 1).

required of it. Hughes excepted to the court's charge which required proof of service pursuant to CPLR 311. The jury naturally found that defendant did not serve any of the statutory designees listed in CPLR 311. It appears that the trial court misconstrued the prior decision of this court. In remanding for a trial as to whether the notice of claim was delivered to the Board, this court was referring to the requirement of "presentation" which is contained in section 3813 of the Education Law and not the requirement contained in CPLR 311. Section 3813 of the Education Law provides in pertinent part: "1. No action or special proceeding * * * relating to [a] claim against the district * * * shall be prosecuted or maintained against any school district [or] board of education * * * unless it shall appear by and as an allegation in the complaint or necessary moving papers that a written verified claim upon which such action or special proceeding is founded was presented to the governing body of said district * * * within three months after the accrual of such claim". Since the trial court utilized the wrong statute and standard with regard to the issue of delivery, a new and immediate trial must be conducted to determine whether Hughes satisfied subdivision 1 of section 3813 of the Education Law. If it did not, then the Board is entitled to summary judgment. Titone, J. P., Suozzi, Lazer and Cohalan, JJ., concur.