■ W. P. MALL CORP., Respondent, v. PICKET CONSTRUCTION CORP. et al., Appellants.— In a proceeding to vacate a demand for arbitration and to stay said arbitration, the appeal is from a judgment of the Supreme Court, Westchester County, dated January 7, 1974, which granted the application to vacate the demand for arbitration, without prejudice to renewal upon service of proper papers and which stayed arbitration pending such renewal. Judgment reversed, with $20 costs and disbursements, and matter remanded to Special Term for a hearing and determination on the issue of the fulfillment of the condition precedent as to extensions of time claimed as set forth below. The parties entered into a construction agreement dated June 10, 1971 which provided for arbitration of disputes as to extra and additional work (arts. 1, 2); for extensions of time due to stated causes *but only if the appellants-contractors had served a five-day notice to the respondent-owner of such cause* (art. 23); and for " all claims, disputes and other matters in question arising out of, or relating to, this contract " to be decided by arbitration in accordance with the construction industry arbitration rules of the American Arbitration Association (art. 26). On May 10, 1973 appellants served a demand for arbitration stating the nature of the dispute as the " refusal of W. P. Mall Corp. (owner) to pay for cost of the work under a cost plus fixed fee construction contract, refusal of owner to pay for extra and additional work performed arising out of or relating to said contract and refusal to grant extensions of time ". The relief sought was a " determination of adjusted guaranteed maximum cost under the aforesaid contract * * *, claimant's entitlement to extensions of time * * * and award of the sum of $1,280,855.63 for monies

due under the contract and for extra and additional work ". Respondent moved for an order vacating the demand and staying the arbitration pursuant to CPLR 7503, on the grounds stated in the affidavit of its treasurer to the effect that articles 1 and 2 of the contract required further specification in the demand of the extra and additional work claimed thereunder; that the demand improperly denominated the contract one of "cost plus fixed fee"; and that as to extensions of time claimed the demand did not set forth compliance with the express condition of a five-day notice. Special Term noted in its decision granting the application that the demand was served "pursuant to a broad form arbitration clause" but concluded that the demand lacked specificity of "the elements comprising the claim both as to items to be arbitrated and the amount of the claim". On appeal appellants contend that the demand was sufficient as a matter of law under CPLR 7503 (subd. [c]) and section 7 of the construction industry arbitration rules of the American Arbitration Association. The latter requires that "[the demand] shall contain a statement setting forth the nature of the dispute, the amount involved, if any, and the remedy sought". We agree with appellants except as to the extensions of time claimed for causes set forth in the agreement, which under that agreement require fulfillment of a condition precedent, to wit, a five-day notice. Whether a condition precedent to arbitration has been satisfied is for the court to determine (*Matter of Exercycle Corp.* [*Maratta*], 9 N Y 2d 329, 334), and we remand to Special Term for a prompt determination of that issue. Any dispute between the parties as to whether there are other extensions of time allowable is a matter for arbitration under the express provision of article 26 of the agreement. We note that an application to stay arbitration may be made "on the ground that a valid agreement was not made or has not been complied with or that the claim sought to be, arbitrated is barred by limitation under subdivision (b) of section 7502" (CPLR 7503, subd. [b]). Particularization or specificity of a demand is not a stated ground. Where the parties have agreed that arbitration shall be the means to settle controversy between them, they are bound by the agreement (*Matter of Exercycle Corp.* [*Maratta*], *supra*), so far as the demand states an arbitrable issue under that agreement. "[Even the contractual requirement of a written change order] does not constitute a condition precedent to arbitration and that the question of whether that contractual requirement bars recovery upon the claim * * * is for the arbitrators under the very broad arbitration provision contained in the contract" (*Matter of Central School Dist. No.1, Town of Highlands* v. *Double M. Constr. Corp.*, 41 A D 2d 771, 772). Hopkins, Acting P. J., Shapiro, Cohalan, Christ and Benjamin, JJ., concur.