OPINION OF THE COURT
Harry Richard Brown, J.
This is a proceeding under CPLR article 75 staying arbitration of a controversy.
Petitioner and respondent entered into a written agreement in March 1985, whereby respondent, as general contractor, would perform all the construction and site work in connection with the erection of a new high school facility, Longwood High School.
On November 18, 1986, petitioner terminated respondent’s services alleging breach of contract. Respondent served a demand for arbitration, which was the method prescribed in the contract for the resolution of disputes.
On January 20, 1987, the parties entered into another agreement, and work continued thereunder until October 21, 1987 when petitioner again terminated the services of respondent. A demand for arbitration was again served by respondent on November 4, 1987.
In support of its application petitioner now asserts that there was no arbitration clause in the second contract, that respondent failed to comply with a condition precedent by failing to file a notice of claim under Education Law § 3813, that the demand is ambiguous and without sufficient particularity, and that the arbitration clause in the first contract required the submission of claims to the architect on the project prior to arbitration.
In response to the foregoing, respondent cites the language in the second contract which states: "this agreement shall not constitute amendment or modification of the obligations and mutual promises contained in the parties’ underlying agreement dated March 5, 1985”. Respondent further notes that on November 18, 1987, a notice of claim was served upon petitioner by certified mail, and respondent notified the Arbitration Association to hold off any proceedings pending petitioner’s receipt of the claim and the passing of the statutory time period of 30 days. Respondent also asserts that the demand does in fact set forth the nature of the dispute, the amounts involved and the remedy sought which is all that rule 7 of the American Arbitration Association requires. Finally, respondent contends that the dispute need not have gone to the *1040 architect primarily, since the contractor’s services had been terminated, citing Matter of Liebhafsky (Comstruct Assocs.) (62 NY2d 439) in support of such proposition.
Shortly after serving the notice of claim, petitioner commenced the present proceeding to stay arbitration. Respondent then offered to withdraw its demand for arbitration, without prejudice, pending the passing of the 30 days, but this was refused.
On December 11, 1987, a demand for examination was made upon respondent pursuant to section 50-h of the General Municipal Law for oral examination to be held on January 7, 1988. Section 50-h (5) bars commencement of any action until compliance is made with such demand. Respondent argues that section 50-h relates only to tort claims, quoting from a legislative note accompanying the section: "This act supplements the purpose of § 50-e of the General Municipal Law, to permit prompt investigation of tort claims” (NY Cons Laws Serv, Book 16, General Municipal Law § 50-h, at 229).
Petitioner replies by noting the lack of case law on the subject and the lack of limiting language in section 50-h, and also points out that the notice of claim recites, in part, "By reason of said breaches of contract, delays, disruptions and interferences, claimant has incurred damages in excess of * * * $3,300,000.” Petitioner infers from this that damages are sought for tortious interference with contract, entitling it to the examination afforded by section 50-h. In furtherance of the justification for an examination on a purely contractual matter, Education Law § 3813 (1) is cited as requiring notice of claim prior to the institution of an action or special proceeding "for any cause whatever”, making it a broader clause than that which is found in sections 50-e and 50-i of the General Municipal Law which do refer to tort claims only.
Section 3813 (1) of the Education Law states that no action or special proceeding, for any cause whatever, against the district of any school shall be prosecuted or maintained unless it shall appear as an allegation of the complaint or necessary moving papers that a written verified claim was presented to the governing body of said district within three months after the accrual of said claim and that the officer or body having power to adjust the claim has neglected or refused to make adjustment or payment for 30 days after such presentation.
Respondent’s demand for arbitration dated November 2, 1987, served November 4, 1987, did not contain such required *1041 language and must, as a consequence, be deemed without effect. In Matter of Geneseo Cent. School (Perfetto & Whalen Constr. Corp.) (53 NY2d 306, 311): "Section 3813 of the Education Law is designed to give school districts prompt notice of claim * * * [t]o that end, in the absence of an agreement to the contrary, compliance with its provisions is a condition precedent to arbitration and, therefore, a matter for judicial resolution”.
Turning to petitioner’s argument regarding General Municipal Law § 50-h, this court does not consider that section 50-h contemplates anything but tort claims. Article 4, in which section 50-h is found, is titled "Negligence and Malfeasance of Public Officers; Taxpayers’ Remedies”. The thrust of the whole article is tort claims. The failure to specify tort in section 50-h was apparently a legislative oversight. Respondent’s citation from the legislative note is apt as well as the reference to Alouette Fashions v Consolidated Edison Co. (119 AD2d 481, 484 [1st Dept 1986], affd 69 NY2d 787 [1987]) which reads: "General Municipal Law §§ 50-h and 50-i must be read together and in harmony to give meaning and effect to both provisions in order to fully carry out the legislative intent underlying their enactment.”
Presumably the 30 days following the filing of the claim have expired without action on petitioner’s part, and, if so advised, respondent is free to again file a demand for arbitration. The arbitration clause in the contract permits such filing within a reasonable time after the claim has arisen.
The question of whether or not the arbitration clause is still viable following the second agreement is for the arbitrator to decide (Inryco, Inc. v Parsons & Whittemore Contrs. Corp., 55 NY2d 666).
As to the disputed specificity of the demand, this too is for the arbitrator to determine (W. P. Mall Corp. v Picket Constr. Corp., 45 AD2d 1052 [2nd Dept 1974]).
Finally, on the basis of the cases heretofore cited, the matter need not have been referred to the architect for mediation.
The petition is granted and the arbitration sought by respondent is stayed, insofar as it would proceed under the demand dated November 2, 1987, and served on November 4, 1987.