■ JOSEPH J. POLCE, Respondent-Appellant, v CLINTON CENTRAL SCHOOL DISTRICT et al., Appellants-Respondents. [626 NYS2d 642] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Plaintiff resigned from his teaching position with the Clinton Central School District (School District) in 1983, after serving in that capacity for 17 years. Before reaching the retirement age of 55 on December 15, 1989, he contacted the School District concerning his eligibility for health insurance coverage under its group policy for retirees and other personnel. By letter dated November 3, 1989, the School District's Business Administrator informed plaintiff that he was not eligible for that coverage. Plaintiff continued to inquire about his eligibility for coverage by contacting other employees of the School District. In November 1991 he retained an attorney to pursue his claim for health insurance

benefits. At the request of plaintiff's attorney, the Superintendent and attorney for the School District conducted a further inquiry concerning plaintiff's eligibility for benefits. Plaintiff was informed on April 24, 1992, that the Clinton Central School Board of Education (Board of Education) had denied his request. Plaintiff filed a notice of claim in May 1992 and commenced this action against the School District and Board of Education for fraud and breach of contract on April 7, 1993.

Supreme Court erred in denying the motion of the School District and the Board of Education for summary judgment dismissing the complaint. For purposes of Education Law § 3813, a claim accrues when the damages accrue, i.e., when the extent of damages is readily ascertainable *(Matter of Board of Educ. [Wager Constr. Corp.],* 37 NY2d 283, 290; *Pope v Hempstead Union Free School Dist. Bd. of Educ.,* 194 AD2d 654, 655, *lv dismissed* 82 NY2d 846; *Wm J. Schmitt, Inc. v Penfield Cent. School Dist.,* 54 AD2d 1100, 1101). The complaint alleges that, when plaintiff retired in 1983, he was assured by the then Superintendent of the School District that he would be eligible for health insurance benefits when he reached retirement age. The complaint asserts causes of action for fraud and breach of contract and seeks specific performance of the collective bargaining agreement and money damages incurred since December 15, 1989 for health insurance premiums. Plaintiff was aware before December 15, 1989 that the School District considered him ineligible for health insurance coverage. The damages sustained by plaintiff, consisting of premiums he paid and would be obligated to pay for health insurance coverage, were readily ascertainable on the date that he reached retirement age. The undisputed facts, therefore, show that plaintiff's claim accrued on December 15, 1989, and that plaintiff failed to file a notice of claim within three months of claim accrual or to commence this action within the statutory limitations period *(see,* Education Law § 3813; *Pope v Hempstead Union Free School Dist. Bd. of Educ., supra).* The claim was time barred before plaintiff asked the School District to reconsider his request, and there is no merit to his contention that the Statute of Limitations was revived when the Board of Education upheld the School District's initial determination *(see, Matter of Seidner v Town of Colonie, Bd. of Zoning Appeals,* 79 AD2d 751, 752, *affd* 55 NY2d 613). Thus, we modify the order on appeal by granting defendants' motion for summary judgment dismissing the complaint. (Appeals from Order of Supreme Court, Oneida

County, Murad, J.—Summary Judgment.) Present—Fallon, J. P., Wesley, Doerr, Balio and Boehm, JJ.