■ In the Matter of BENEDICT P. CUTRONE, Respondent, v VILLAGE BOARD OF TRUSTEES OF THE VILLAGE OF HARRISON et al., Appellants. [640 NYS2d 599] —In a proceeding pursuant to CPLR article 78 to compel payment of back pay, accrued vacation, and other benefits, the appeal is from a judgment of the Supreme Court, Westchester County (Cowhey, J.), entered January 10, 1995, which awarded the petitioner full back pay together with fringe benefits for the period January 1, 1994, through July 19, 1994.

Ordered that the judgment is affirmed, without costs or disbursements.

Contrary to the appellants' contention, "[e]very officer except a judicial officer, a notary public, a commissioner of deeds and an officer whose term is fixed by the constitution, having duly entered on the duties of his office, shall, unless the office shall terminate or be abolished, hold over and continue to discharge the duties of his office * * * until his successor [is] chosen and qualified; but after the expiration of such term, the office [is to] be deemed vacant for the purpose of choosing his successor" (Public Officers Law § 5; *see also,* 18 NY Jur 2d, Civil Servants and other Public Officers and Employees, § 85; *Matter of Ause v Regan,* 59 AD2d 317). Here, the petitioner was barred by the police from exercising his duties. The appellants, however, failed to fill the vacant office, but nevertheless refused to pay the petitioner his salary. The purpose of a provision authorizing public officers to holdover is to prevent a hiatus in governmental operations pending the appointment of a successor. The appellants had the burden of selecting a new legally qualified successor in order to extinguish the petitioner's rights as a holdover (*see,* 18 NY Jur 2d, Civil Servants and other Public Officers and Employees, §§ 85-87).

Additionally, it is clear that General Municipal Law § 50-h (5), a section of General Municipal Law article 4 entitled "Negligence and Malfeasance of Public Officers; Taxpayer's Remedies", only applies to tort claims when it is read together with its coordinate statute, General Municipal Law § 50-i (*see, Matter of Board of Educ. v Elite Assocs.,* 138 Misc 2d 1038). Therefore, the petitioner was not precluded from commencing an action until after the municipality conducted an examination pursuant to General Municipal Law § 50-h.

We have reviewed the appellants' remaining contention and find that it is without merit. Miller, J. P., Joy, Altman and Friedmann, JJ., concur.