■ BUFFALO RETIRED TEACHERS 91-94 ALLIANCE et al., Respondents, v BOARD OF EDUCATION FOR CITY SCHOOL DISTRICT OF CITY OF BUFFALO, Appellant. [689 NYS2d 562] —Order modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Defendant, the Board of Education for the City School District of the City of Buffalo (Board), appeals from an order of Supreme Court that denied its cross motion to dismiss the complaint. The individual plaintiffs are 186 former teachers for the City of Buffalo School District who formed an informal alliance for the purpose of this litigation. The case arises from the same facts that have given rise to cases that previously were before this Court (see, Board of Educ. v Buffalo Teachers Fedn., 217 AD2d 366, revd 89 NY2d 370; Matter of Board of Educ. v Buffalo Teachers Fedn., 191 AD2d 985, lv denied 82 NY2d 656). In Board of Educ. v Buffalo Teachers Fedn. (supra, 89 NY2d, at 379), the Court of Appeals granted judgment declaring that the Board is required to implement (i.e., fund) an agreement reached be-

tween the Board and the Buffalo Teachers Federation (BTF) in September 1990 providing for pay increases for the period 1990-1994. The agreement had been ratified by the BTF but disapproved by the Board.

While the litigation regarding implementation of the 1990 agreement was pending, the Board and the BTF negotiated another agreement to cover the period 1994-1997. In that agreement, teachers were to receive significant salary increases and agreed to a reduction of the financial obligation that would be imposed on the Board if the litigation was successful. Shortly after the Court of Appeals decision, the individual plaintiffs, all of whom had retired or resigned between 1990 and 1994, wrote to the Mayor of the City of Buffalo and the President of the Board requesting that they reach an agreement on compensation for back wages and benefits. When they received no response, the individual plaintiffs served the Board with a verified notice of claim in March 1997 pursuant to Education Law § 3813, demanding that the 1990 agreement be implemented pursuant to the Court of Appeals decision. Attached to the notice of claim was a list of 186 plaintiffs, 128 of whom verified the claim. In April 1997 the Board served a notice to examine the individual plaintiffs pursuant to General Municipal Law § 50-h. When those plaintiffs objected, the Board served an amended notice to examine pursuant to General Municipal Law § 50-h and Education Law § 2562. The individual plaintiffs did not appear for the examinations and in May 1997 moved for a protective order pursuant to CPLR 3103 or, in the alternative, for an order directing that any examinations of the individual plaintiffs be conducted pursuant to CPLR 3101.

The Board cross-moved to dismiss the complaint on several grounds. The court denied the cross motion, ordered the action to be consolidated with a pending action involving plaintiffs and the BTF, and did not address plaintiffs' motion. The court's failure to address plaintiffs' motion is deemed a denial (*see, Brown v U.S. Vanadium Corp.*, 198 AD2d 863, 864).

The court properly denied that part of the Board's cross motion to dismiss the complaint as untimely. The cause of action for breach of contract did not arise until damages were ascertainable (*see, e.g., Scherman v Board of Educ.*, 44 AD2d 831, *affd* 37 NY2d 839), which did not occur until the Court of Appeals decision in December 1996. Nor is there any merit to the Board's contention that plaintiffs are barred by res judicata and collateral estoppel from asserting a cause of action for breach of contract. There is no evidence in this record that such a cause of action has ever been litigated (*see, Kaufman v*

*Lilly & Co.*, 65 NY2d 449, 455). The 1995 action that the Board seeks to use to estop plaintiffs alleged that the Board failed to negotiate the contract in good faith, in contrast to the breach of contract cause of action raised here.

The Board further contends that, because the individual plaintiffs were not parties to the 1990 agreement, they have no standing to sue for breach of contract in the absence of a judicial determination that the BTF breached its duty of fair representation.

"As a general proposition, when an employer and a union enter into a collective bargaining agreement that creates a grievance procedure, an employee subject to the agreement may not sue the employer directly for breach of that agreement but must proceed, through the union, in accordance with the contract. Unless the contract provides otherwise, only when the union fails in its duty of fair representation can the employee go beyond the agreed procedure and litigate a contract issue directly against the employer" (*Matter of Board of Educ. v Ambach*, 70 NY2d 501, 508, *cert denied sub nom. Margolin v Board of Educ.*, 485 US 1034).

We reject plaintiffs' contentions that the 1994 agreement between the BTF and the Board provides for direct suit against the Board or that plaintiffs are third-party beneficiaries to the 1990 agreement and thus entitled to maintain a direct suit. Thus, unless the BTF has failed in its duty of fair representation, plaintiffs may not proceed directly against the Board. We agree with the court, however, that the allegation that the BTF breached its duty of fair representation is sufficient to permit plaintiffs to maintain this action against the Board. Resolution of whether there has been a breach of duty of fair representation will be dispositive of plaintiffs' standing to maintain this action, and thus the court properly consolidated this action with *Buffalo Retired Teachers 91-94 Alliance v Buffalo Teachers Fedn.* (251 AD2d 968), a pending lawsuit between plaintiffs and the BTF.

The court erred in failing to grant that part of the Board's cross motion seeking to dismiss the complaint with respect to those plaintiffs who failed to verify the notice of claim (*see, Parochial Bus Sys. v Board of Educ.*, 60 NY2d 539, 548; *Peek v Williamsville Bd. of Educ.*, 221 AD2d 919, 920). We conclude that the Board is not entitled to examine the individual plaintiffs pursuant to General Municipal Law § 50-h because that statute applies only to tort actions (*see, Matter of Cutrone v Village Bd. of Trustees*, 226 AD2d 459, 460). We further conclude that Education Law § 2562 does not apply to the facts

of this case. That section is entitled "Presentation of claims against a board of education of a city having a population of [400,000] or more to be pleaded". In taking judicial notice of census statistics (*see, Matter of Siwek v Mahoney*, 39 NY2d 159, 163, n 2; *Mackston v State of New York*, 126 AD2d 710, 711; Prince, Richardson on Evidence § 2-204 [c] [Farrell 11th ed]), we conclude that, because the population of Buffalo as determined by the Bureau of Census in 1990 was well below 400,000, Education Law § 2562 does not apply. We further conclude, however, that the Board is entitled to conduct examinations before trial pursuant to CPLR article 31 of those individual plaintiffs who verified the notice of claim. We modify the order, therefore, by granting the Board's cross motion in part and dismissing the complaint with respect to those plaintiffs who failed to verify the notice of claim and by granting in part the motion of plaintiffs and directing that the individual plaintiffs are not required to appear twice to answer questions upon oral examination.

All concur except Lawton and Scudder, JJ., who dissent and vote to reverse in the following Memorandum.

Lawton and Scudder, JJ. (dissenting). We respectfully dissent. For reasons hereinafter stated, plaintiffs' action is barred both by the Statute of Limitations and by res judicata.

Education Law § 3813 (2-b) requires an action against a school district or board of education to be commenced within one year after its accrual. Plaintiffs' breach of contract action for unpaid wages for the period July 1, 1990 through June 30, 1994, under the then existing collective bargaining agreement, accrued when each individual plaintiff retired during that contract period (*see, Polce v Clinton Cent. School Dist.*, 214 AD2d 997, *lv denied* 86 NY2d 706; *see also, Ely-Cruikshank Co. v Bank of Montreal*, 81 NY2d 399, 402). At the latest, this action accrued no later than the expiration of the collective bargaining agreement. Because this action was commenced on April 21, 1997, it is therefore time-barred.

We do not agree with the majority's conclusion that plaintiffs' action accrued in December 1996 when the Court of Appeals decided the appeal taken by the Buffalo Teachers Federation (BTF) in *Board of Educ. v Buffalo Teachers Fedn.* (217 AD2d 366, *revd* 89 NY2d 370). In ordering defendant, the Board of Education for the City School District of the City of Buffalo (Board) to implement the September 1, 1990 agreement with the BTF, the Court of Appeals did not create new rights not previously possessed by plaintiffs, nor did it in any way make plaintiffs' damages any more certain than when the collective

bargaining agreement expired. Indeed, plaintiffs were aware of their claim for unpaid wages under the collective bargaining agreement when each individual plaintiff retired and at the expiration of the collective bargaining agreement. In fact, on January 9, 1995, plaintiffs joined the BTF in timely commencing an action against the Board for unpaid wages under that agreement, which is the very same relief sought in this action. That joint action was dismissed by order of Supreme Court on January 30, 1996. Because plaintiffs did not appeal from that order, this action in any event is barred by res judicata (*see, Gramatan Home Investors Corp. v Lopez*, 46 NY2d 481, 485). We would reverse the order and grant the Board's cross motion to dismiss the complaint. (Appeal from Order of Supreme Court, Erie County, Mintz, J.—Dismiss Pleading.) Present—Denman, P. J., Lawton, Hayes, Pigott, Jr., and Scudder, JJ.