L. I. WALDMAN AND CO. INC., Respondent, v. STATE OF NEW YORK, Appellant. (Claim No. 33465.) — Appeal by the State from a judgment of the Court of Claims for the claimant in a contract action. The claimant entered into a contract on May 6, 1953 with the State for the performance of certain

electrical work for the sum of $168,500. There are involved on this appeal six causes of action on which awards have been made to the claimant in an action based on that contract. The second, third and fourth causes of action of the claim are all based on a claim for the cost of furnishing ducts and cable in excess of the amount shown on the contract drawings prepared by the State and on which the claimant based its bid. The drawings stated that the distances were shown approximately. The specifications provided that the contractors " shall take their own measurement " and since it was possible for the claimant to have made such measurements an award should not have been made for the additional materials which were used (cf. *Weston* v. *State of New York,* 262 N. Y. 46; *Leitch Mfg. Co.* v. *State of New York,* 257 App. Div. 541, affd. 282 N. Y. 758). The fifth cause of action involves a claim for the cost of installing cable in certain ducts which were 3½ inches rather than 4 inches. This claim should likewise have been denied since neither the contract nor the contract drawings made any representation as to the size of the ducts and their size could have been determined through an examination by the claimant. The seventh cause of action is based on the expense of cutting certain sleeves in a manhole cover. This work was not called for by the contract, and the claimant was aware of this. The contract called for written authorization for extra work and even though the claimant was directed by a representative of the State to perform the work it may not recover damages therefor (*Weil Plumbing Corp.* v. *State of New York,* 294 N. Y. 6). The ninth and last cause of action here involved is a claim for damages for delay in the performance of the claimant's contract caused by the State. The court below made an award of $6,415.23 on this cause of action. The contract called for the completion of the claimant's work by December 31, 1953 and also stated that the power plant to which claimant's work was to be connected was to be completed, by other contractors, on or before December 31, 1953. The work on the power plant was not completed until November, 1954 and the claimant had to suspend operations from May to November, 1954. The contract for the sewerage work on the power plant was not even let out by the State until June, 1954 and the sewerage work had to be sufficiently completed to take away waste water before the plant could be put into operation. In addition there is testimony from a representative of the State indicating knowledge when the contract was made with claimant that the power plant could not be completed on schedule. The claimant was not informed of this. Thus it could be found that there was miscalculation, misrepresentation and interference by the State which would entitle the claimant to an award of damages caused by the delay (*Cauldwell-Wingate Co.* v. *State of New York,* 276 N. Y. 365; *Baker Co.* v. *State of New York,* 267 App. Div. 712). Judgment as to the second, third, fourth, fifth and seventh causes of action reversed and the claims dismissed and judgment as to the ninth cause of action affirmed, without costs. Bergan, P. J., Coon, Gibson, Herlihy and Reynolds, JJ., concur.