## (March 24, 1977)

■ MOUNT VERNON CONTRACTING CORPORATION, Appellant, v STATE OF NEW YORK, Respondent. (Claim No. 52016.)—Appeal from a judgment, entered November 27, 1973, upon a decision of the Court of Claims, which dismissed claimant's second, third, fourth, fifth and sixth causes of action and awarded the sum of $7,323.82 interest on the severed first cause of action. This claim arises out of a contract entered into by claimant for the reconstruction of a .98-mile section of the Cross County Parkway located in the City of Mount Vernon, Westchester County. The detailed plans called for widening both lanes of traffic, depressing the level of the parkway, providing a center mall, and supplying necessary shoulders, entrances and exits. Traffic was to be maintained at all times during the construction which was to be performed in three established sequential stages in accordance with a progress schedule submitted by claimant. This schedule, dated December 8, 1964, indicated that work was to commence on January 4, 1965, with Stage I to be completed by September 1, 1965; Stage II by December 1, 1965; and Stage III by December 1, 1966. However, the preconstruction meeting was not held until January 27, 1965, and formal notice to commence construction was not given until February 3, 1965, some 10 weeks after bids were opened. Claimant thereupon initiated preparatory work, but its survey party was ordered off the construction site by the Corporation Counsel of the City of Mount Vernon on February 9, 1965, and claimant was served with a formal restraining order two days later, signed by an Associate Justice of the Appellate Division, Second Department, in an action brought by the City of Mount Vernon to enjoin the appropriation of certain property required for the parkway reconstruction. Claimant was not a party to this action and the order remained in effect until May 4, 1965. On May 14, 1965, another interruption occurred which further prohibited construction until May 24, 1965. This disruption arose as the result of a civil disturbance precipitated by residents of the City of Mount Vernon who opposed and obstructed construction at the work site. This controversy was subsequently resolved and work was fully resumed early in June of 1965. Thereafter, certain problems developed in connection with the availability of designated disposal areas for excavated material and in obtaining a construction easement for a 48-inch sewer. Various extensions of time were granted by the State and the major items of contract work were completed by December 31, 1967, with the final work and cleanup ending in late May of 1968. The State had extended the completion date to May 31, 1968 without engineering charges, except after November 1, 1967, and the project was ultimately accepted by the State on June 28, 1968 some 19 months after the proposed completion date. Claimant filed its claim on January 16, 1970

seeking a total of some $3,188,119.56, with interest, in six separate causes of action. The first cause of action was the subject of a severance judgment dated April 1, 1970, reserving for trial the question of the amount of interest to be paid. The Court of Claims made an award of $7,323.82 for interest due on that cause of action and rejected the claims of damages set forth in the other causes of action for increased labor rates, subcontractor claims, engineering charges assessed, and various extraordinary delays, interferences and misrepresentations on the part of the State. We affirm the findings of the Court of Claims, except as to certain matters presented in the second cause of action. It was therein contended, *inter alia,* that the State breached its obligation to deal with the claimant in good faith by not disclosing to it the pendency of the litigation that ultimately resulted in the stay order of February 11, 1965, which in turn disrupted sequential performance of the contract thereby making the State liable for resulting damages. As support for its argument, claimant maintains an affidavit submitted by the State in the course of that litigation constituted judicial admissions binding on the State and establishing its liability. It does not appear from the record that the State did inform claimant of the pending litigation, nor does it appear that anyone inquired during the course of the trial whether claimant's vice-president, chief engineer and principal witness, Mr. Fox, was aware of this litigation. It did appear, however, that Mr. Fox was a local resident—living but a few blocks from the job site—and was generally familiar with construction matters in the area. The Court of Claims found, in effect, that claimant must have known of the pending lawsuit at the time of bidding, and, therefore, any delay occasioned thereby was foreseeable and contemplated at the time the contract was made *(Peckham Road Co. v State of New York,* 32 AD2d 139, affd 28 NY2d 734). We fail to perceive any basis to suggest that the State in any way caused a delay by *obstructing* claimant's performance. The State at all times was in opposition to and expeditiously assisted in resolving the pending litigation. Any delay was generated by the acts of third parties and would not fall within the scope of existing case law relating to a contractor's reasonable opportunity to perform (see *Peckham Road Co. v State of New York, supra; Shalman v Board of Educ.,* 31 AD2d 338; *Shore Bridge Corp. v State of New York,* 186 Misc 1005, affd 271 App Div 811). The State's liability, if any, must be founded instead on a theory of misrepresentation, by concealment or nondisclosure of a material fact, and this record does not contain sufficient evidence to establish such misrepresentations. There has been no showing that the State had knowledge that claimant was unaware of the pending litigation or that claimant would not have submitted its bid had it been possessed of that knowledge *(A. S. Wikstrom, Inc. v State of New York,* 52 AD2d 658; *Warren Bros. Co. v New York State Thruway Auth.,* 34 AD2d 97, affd 34 NY2d 770). As to the issue of purported informal judicial admissions, the affidavit in question could be accorded such weight as the trier of the facts might determine (Richardson, Evidence [10th ed], § 217), and no error was committed by the Court of Claims regarding this affidavit. However, we reach a different conclusion on the separate issue of whether the State breached its obligation under the contract by failing to provide specific disposal areas for excess excavation and unsuitable material. Originally, there were to be four disposal areas about one mile east of the contract site for the disposition of approximately 236,000 cubic yards of surplus excavated material. Although a substantial portion of this excavation work was to be accomplished early in the first stage of the performance of the contract, these areas were not made fully available. The difficulties encountered were such that claimant

was required to construct a haul road and acquire special equipment to transport waste material over this unpaved road. To alleviate the problem, an additional disposal area was eventually made available in July of 1966, but it was some one and one-half miles west of the contract site and involved circuitous travel routes over city streets subject to legal load limits. In our view, the claimant did establish liability on the part of the State for failure to provide disposal sites as set forth in the contract. We do not predicate this responsibility on any theory of misrepresentation inasmuch as there was no showing that the subsequent changes and difficulties resulted from any failure on the part of the State to reveal all information known to it at the time of bidding *(A. S. Wikstrom, Inc. v State of New York, supra; Rusciano Constr. Corp. v State of New York,* 37 AD2d 745, mod 37 AD2d 789; *Warren Bros. Co. v New York State Thruway Auth., supra; Waldman & Co. v State of New York,* 11 AD2d 845). Instead, liability in this instance is founded upon the breach of an implied covenant to provide a contract site and a reasonable opportunity to perform the contract as expressed in the documents *(Peckham Road Co. v State of New York, supra;* 48 NY Jur, Public Works and Contracts, §§ 77, 78, 81). Contrary to the Court of Claims, we further find that the alternate arrangements ultimately provided were neither adequate nor reasonable. There are, of course, a multitude of other contentions set forth by claimant under its generalized theory that the State's acts and omissions disrupted carefully staged and sequenced operations to its claimed damages, but we find no basis to alter the determinations made on these other issues by the Court of Claims. Finally, we agree that claimant's proof of damages was improper. Its basic position was that it should be allowed to recover for the general increased costs of required items of performance and that the correct measure of damages would be the difference between its estimated costs, based on established cost data, and the actual completion costs. Such a procedure would be unrealistic by any standard. First, there were other causes of delay not attributable to any act or omission on the part of the State, but such causes would nevertheless be reflected in the actual cost figures. Secondly, the purported "estimated costs" were actually subprices used internally by claimant to compute a bid price and included computations of a subjective nature by the bidder rendering such estimated costs unauditable by the State. Accordingly, it is impossible on this record to determine a rational allocation of damages flowing from an individual and particular aspect of State liability *(Tully & Di Napoli v State of New York,* 34 AD2d 439) and there must be a new trial on the issue of damages as to each element upon which the State is found liable *(Bero Constr. Corp. v State of New York,* 27 AD2d 974). We direct that such a trial be limited to the issue of damages specifically generated by the State's omission of not providing requisite disposal areas and that the proper measure thereof be a reasonable allocation of damages directly attributable to such omission *(Rusciano Constr. Corp. v State of New York, supra).* Judgment modified, on the law and the facts, by reversing so much thereof as dismissed the second cause of action, and matter remitted for a new trial limited to the issue of damages on said second cause of action in accordance herewith, and, as so modified, affirmed, without costs. Koreman, P. J., Greenblott, Kane, Main and Herlihy, JJ., concur.