■ NOVAK & COMPANY, INC., Respondent-Appellant, v FACILITIES DEVELOPMENT CORPORATION, Appellant-Respondent.—Per Curiam. Cross appeals from a judgment of the Supreme Court in favor of plaintiff, entered May 17, 1984 in Albany County, upon a decision of the court at Trial Term (Prior, Jr., J.), without a jury.

Plaintiff, a construction contractor specializing in plumbing work, entered into a contract with defendant, a public benefit corporation, to install plumbing at a facility to be operated by the Department of Mental Hygiene. The contract provided that the work was to be completed by April 1, 1976 and that time was of the essence. Due to delays, some of which were the fault of defendant, the work was not fully performed by the deadline.* Plaintiff was granted an extension and substantially completed the job by May of 1977. Plaintiff was called back and from June of 1977 to August of 1977 installed a sprinkler system pursuant to a change order. Plaintiff was also called back to complete certain items contemplated by the original contract. Defendant paid plaintiff the original contract price of $1,593,000 in addition to almost $67,000 for the "change orders". Plaintiff then commenced this action seeking damages for additional costs incurred as a result of delays allegedly caused by defendant. After a nonjury trial, Trial Term awarded plaintiff $543,162.38 in damages: $310,000 for excess labor costs, $110,000 for extended field operation costs, $110,000 for increased home office costs and $13,162.38 for change orders. Both parties appealed.

Defendant does not dispute the damage figure for change orders. It also does not dispute liability for extended field operations, but takes the position that such damages should be apportioned. Finally, defendant disputes the damages for excess labor costs and increased home office costs. Plaintiff's challenge to the judgment is that it is entitled to a 10% profit on the damages awarded except for the damages for change orders. When this appeal was first before us, we withheld decision and remitted for further findings by Trial Term (109

---

* It was estimated that 87.5% of the work was done by April 1, 1976.

AD2d 1013). Supplemental findings have now been made and the appeal has been resubmitted.

Upon review of the record and the supplemental findings, it is apparent that the awards for excess labor costs and increased home office costs were improper and must be reversed. It is clear that plaintiff sought to prove excess labor costs by comparing the total labor costs for the project with the bid estimate for labor. Trial Term essentially accepted this methodology. However, it has repeatedly been held that this methodology is improper due to the inherent unreliability of price elements of a bid as well as the fact that not all of the delays can be attributed to the fault of defendant *(see, Najjar Indus. v City of New York,* 87 AD2d 329, 332; *Manshul Constr. Corp. v Dormitory Auth.,* 79 AD2d 383, 388; *Whitmyer Bros. v State of New York,* 63 AD2d 103, 108, *affd* 47 NY2d 960; *Mount Vernon Contr. Corp. v State of New York,* 56 AD2d 952, 954, *lv dismissed* 42 NY2d 889). It was incumbent upon plaintiff to prove the extent to which its costs were increased by defendant's actions *(Berley Indus. v City of New York,* 45 NY2d 683, 686-687). Plaintiff is presumably in possession of all available evidence necessary to prove such costs. It cannot rely on total costs less bid estimate, which is essentially an unreliable approximation.

On similar analysis, the damage award for increased home office costs was improper. Plaintiff sought to prove these damages by a proportion of total billing over a period to billing on the particular job at issue over such period. Such a formulation in the instant case amounts to an unreliable approximation and must be rejected *(see, supra,* at pp 687-688).

When it is clear that some injury has been occasioned, recovery will not necessarily be denied simply because "the quantum of damage is unavoidably uncertain, beset by complexity or difficult to ascertain" *(supra,* at p 687). Therefore, instead of dismissing the causes of action based on excess labor costs and increased home office costs, we will remit for a new trial so that plaintiff may offer proper proof, if it has any, to establish these elements of damage.

Upon retrial, it will be necessary for Trial Term to apportion the damages already established for extended field operations and those which may be established for excess labor and increased home office costs. Some of the delays may well be the fault of defendant. However, cost overruns are part of the risk of competitive bidding. Further, the contract between the parties contains a number of exculpatory clauses providing

that defendant would not be liable for delays. Thus, defendant is not liable for the full extent of what damages may be established. We note that there is no need to apportion damages established for change orders.

Lastly, plaintiff claims that it is entitled to a 10% profit on damages awarded except for the change orders. It has been held that where excess direct costs due to delay are shown, an allowance for profit based on such excess direct costs may be made in addition to the excess direct costs themselves (*Manshul Constr. Corp. v Dormitory Auth.*, 79 AD2d 383, 390-391, *supra*). If, upon retrial, excess direct costs are found, Trial Term should consider plaintiff's request for profit.

Judgment reversed, on the law, without costs, and matter remitted to Trial Term for further proceedings not inconsistent herewith. Mahoney, P. J., Casey, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.