■ PETER SCALAMANDRE & SONS, INC., Respondent, v VILLAGE DOCK, INC., Appellant.—In an action to recover damages for breach of contract, the defendant Village Dock, Inc. appeals from an order and judgment (one paper) of the Supreme Court, Nassau County (Robbins, J.), entered July 18, 1989, which (1) found in favor of the defendant on its counterclaims in the principal sum of only $197,615, (2) granted the plaintiff a setoff against any amounts owed to the defendant in the amount of $181,000, resulting in an award to the defendant of the principal sum of only $16,615, and (3) granted the plaintiff's motion to dismiss the remainder of the defendant's counterclaims.

Ordered that the order and judgment is affirmed, with costs.

A contractor wrongfully delayed by its employer must establish the extent to which its costs were increased by the improper conduct, and its recovery will be limited to damages actually sustained (Berley Indus. v City of New York, 45 NY2d 683, 687). When it is clear that some injury has occurred, recovery will not necessarily be denied to a plaintiff because the quantum of damages is unavoidably uncertain, beset by complexity or difficult to ascertain. However, there must be a definite and logical connection between what is proven and the damages a jury is asked to find (Berley Indus. v City of New York, supra).

We agree with the Supreme Court that the defendant failed to present sufficient evidence on its counterclaims to establish delay damages. The defendant attempted to prove excess labor costs by comparing the total labor costs for the project with the bid estimate for the labor. However, it has repeatedly been held improper to prove excess labor costs by comparing the total labor costs for the project with the bid estimate for the labor, because of the inherent unreliability of the price elements of a bid as well as the fact that not all of the delays can be attributed to the fault of the defendant (see, Novak & Co. v Facilities Dev. Corp., 116 AD2d 891, 892; Najjar Indus. v

*City of New York,* 87 AD2d 329, 332; *Manshul Constr. Corp. v Dormitory Auth.,* 79 AD2d 383, 388; *Whitmyer Bros. v State of New York,* 63 AD2d 103, 108, *affd* 47 NY2d 960).

In any event, we also find that since the subcontract between the plaintiff and the defendant validly incorporated by reference the "no damage for delay" clause contained in the prime contract, the trial court properly found that this clause was enforceable against the defendant to bar its recovery for delay damages against the plaintiff *(see, Corinno Civetta Constr. Corp. v City of New York,* 67 NY2d 297, 309).

We have considered the defendant's remaining contentions and find them to be without merit. Mangano, P. J., Sullivan, Balletta and Miller, JJ., concur.