■ Douglas Tornello, Respondent, v Beaver Brook Associates, LLC, et al., Appellants, et al., Defendant. [777 NYS2d 490]—

Order, Supreme Court, Bronx County (Anne E. Targum, J.), entered on or about December 2, 2003, which, inter alia, granted plaintiff's motion to amend the complaint to add a new defendant, and denied defendants-appellants' cross motion for summary judgment insofar as it sought to dismiss plaintiff's Labor Law §§ 200 and 241 (6) claims as well as his claim for common-law negligence, unanimously modified, on the law, to grant the cross motion to the extent of dismissing plaintiff's Labor Law § 200 and common-law negligence claims, and otherwise affirmed, without costs.

We reject defendants' contention that the activity in which plaintiff was engaged at the time of his accident, i.e., installing carpet as a part of the process of finishing a new house, does not fall within the protective ambit of Labor Law § 241 (6). The installation of carpet in the aforementioned context is construction work (*see* Industrial Code [12 NYCRR] § 23-1.4 [b] [13]) and, as such, is protected under Labor Law § 241 (6) (*see Rizzuto v L.A. Wenger Contr. Co.*, 91 NY2d 343, 348 [1998]). Also without merit is defendants' contention that section 241 (6) is inapplicable because plaintiff's accident did not occur in an interior construction site passageway. Plaintiff did not lose the statute's protection when, at the time of the accident, he traversed the exterior defined concrete walkway leading to his work area (*see Kane v Coundorous*, 293 AD2d 309, 311 [2002]; *and cf. Morra v White*, 276 AD2d 536, 537 [2000]). Plaintiff's Labor Law § 200 and common-law negligence claims should, however, have been dismissed because there was no evidence that defendants-appellants supervised or controlled plaintiff's work (*see* 91 NY2d at 352; *cf. Rizzo v HRH Constr. Corp.*, 301 AD2d 426 [2003]).

Defendants' argument that the relation back doctrine was not appropriately utilized to add Changebridge Construction Corporation as a defendant is premised upon the contention that plaintiff has no viable Labor Law § 241 (6) claim; it is implicitly conceded that if there were a viable section 241 (6) claim, the newly added defendant, a contractor, and defendant property owner Beaver Brook Associates would be united in interest in contesting it. We have, however, sustained plaintiff's section 241 (6) claim and, accordingly, defendants' challenge to the addition of Changebridge Construction as a defendant must fail. Concur—Buckley, P.J., Tom, Mazzarelli, Sullivan and Ellerin, JJ.