■ RICE MOHAWK US CONSTRUCTION Co., LTD., Appellant, v STURDY CONCRETE Co., CORP., et al., Respondents. [837 NYS2d 263]—

In an action to recover damages for breach of contract, the

plaintiff appeals from an order of the Supreme Court, Queens County (O'Donoghue, J.), dated February 27, 2006, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff was a subcontractor of the defendant Sturdy Concrete Co., Corp. (hereinafter Sturdy) with respect to a subway reconstruction contract entered into with the New York City Transit Authority (hereinafter the Transit Authority). The general contract provided that any action under the contract was required to be "commenced within six (6) months after the date of the issuance of the Final Payment Certificate." The subcontract provided that the subcontractor's rights were subject to all of the limitations imposed on the general contractor by the general contract. The Supreme Court correctly read this contract language as incorporating by reference into the subcontract the six-month period of limitations set forth in the general contract (*see Kingsley Arms, Inc. v Sano Rubin Constr. Co., Inc.,* 16 AD3d 813 [2005]; *Peter Scalamandre & Sons v Village Dock,* 187 AD2d 496 [1992]). Since the plaintiff failed to commence the action within the applicable six-month period, Sturdy was entitled to summary judgment dismissing the complaint insofar as asserted against it on the ground that it was time-barred.

The defendant Travelers Casualty & Surety Company of America (hereinafter Travelers) also was entitled to summary judgment dismissing the complaint insofar as asserted against it. The payment bond issued by Travelers, as surety, provided that Travelers shall not be subject to any action commenced "later than two years after the complete performance of [the general contract] and final settlement thereof." Since the plaintiff's action was commenced more than two years after the complete performance and final settlement of the general contract, the complaint was time-barred insofar as asserted against Travelers (*see A.C. Legnetto Constr. v Hartford Fire Ins. Co.,* 92 NY2d 275, 277 [1998]).

The plaintiff's remaining contention is without merit. Spolzino, J.P., Florio, Skelos and McCarthy, JJ., concur.