■ Marta Lopez, Respondent-Appellant, v Fordham University, Appellant-Respondent. Fordham University, Third-Party Plaintiff-Appellant, v Turner Construction Company, Third Party Defendant-Respondent. Turner Construction Company, Second Third-Party Plaintiff-Respondent, v Olympic Plumbing & Heating Corporation, Second Third-Party Defendant-Respondent. [894 NYS2d 389]—

Plaintiff failed to establish prima facie that Fordham had notice of the alleged recurring hazardous condition of the floor near the sink and drainage system in the kitchen of a restaurant

on Fordham's Bronx campus where she worked (*see Casado v OUB Houses Hous. Co. Inc.*, 59 AD3d 272 [2009]). She testified that she frequently saw water on the floor and on occasion complained about it to her (nonparty) employer, but offered no evidence that Fordham was notified of the condition. She also testified that she saw oil on the floor before she fell, but did not indicate how long it had been there or how it came to be there. Contrary to plaintiff's argument, it is not the issue of her comparative negligence, if any, that precludes summary judgment in her favor, but the fact that she failed to demonstrate conclusively any negligence on Fordham's part.

The basis for Fordham's motion was that since plaintiff was responsible for keeping the kitchen clean, Fordham was not responsible for the condition of the floor that posed the hazard (*see Brugnano v Merrill Lynch & Co.*, 216 AD2d 18 [1995], *lv dismissed in part and denied in part* 86 NY2d 880 [1995]). However, it is undisputed that plaintiff was injured not while cleaning the floor but while engaged in food preparation.

The third-party and second third-party complaints were correctly dismissed since Turner established prima facie that the accident did not result from any negligence on its part in connection with the construction of the building and Fordham failed to raise issues of fact whether Turner properly installed the drain and whether it complied with its contractual obligations. The record reflects that the sink and drainage system were designed, inspected and approved by Fordham's architects and engineers and were found in compliance with the applicable codes by the New York City health and building departments when the project was completed a year before the accident occurred. Fordham's expert's opinion was based on inspection and testing conducted approximately six years after the accident occurred and was therefore speculative (*see Gomez v New York City Hous. Auth.*, 217 AD2d 110, 117 [1995]). Moreover, the expert's opinion that the drain that was installed was not the drain that was approved by Fordham was without factual support and was contradicted by witnesses who worked on the job. Concur—Mazzarelli, J.P., Sweeny, Moskowitz and Román, JJ.