■ STANISLAW BAJOR, Respondent, v 75 EAST END OWNERS INC. et al., Appellants-Respondents, and RENOTAL CONSTRUCTION INC., Respondent-Appellant, et al., Defendant. (And a Third-Party Action.) [932 NYS2d 40]—

Plaintiff was injured while working on a renovation project in an apartment located in a building owned by defendant 75 East when he severed his thumb, middle and index fingers while using a table saw that lacked safety devices. Defendant Renotal was the general contractor for the project. Plaintiff established his entitlement to summary judgment as against 75 East and Renotal on his claim pursuant to Labor Law § 241 (6) by demonstrating that defendants violated Industrial Code (12 NYCRR) § 23-1.12 (c) (2), which requires power-driven saws, other than portable saws, to be equipped with a safety guard. Contrary to defendants' argument, the mere fact that the table saw utilized by plaintiff could be moved from room to room does not render it portable such that this section is not applicable. Further, since there is evidence that plaintiff, who was cutting a six-to-seven-foot length of wood when he was injured, was engaged in ripping, i.e., cutting with the grain (*see Gould v Rexon Indus. Corp., Ltd.*, 2006 WL 2301852, *3 n 1, 2006 US Dist LEXIS 55323, *9 n 1 [ND NY 2006]), section 23-1.12 (c) (3), which requires that every table saw used for ripping "be provided with a spreader securely fastened in position and with an effective device to prevent material kickback," was also violated.

Although comparative negligence constitutes a valid defense to a Labor Law § 241 (6) claim (*see Misicki v Caradonna*, 12 NY3d 511, 515 [2009]), defendants have not established any comparative negligence.

The motion court properly denied 75 East's motion for common-law indemnification against Renotal, as the evidence indicated that Renotal had general supervisory and coordinating authority at the worksite, but did not supervise or control the work performed (*see Hughes v Tishman Constr. Corp.*, 40 AD3d 305, 306 [2007]; *Burgalassi v Mandell Mech. Corp.*, 38 AD3d 363, 364 [2007]). Concur—Mazzarelli, J.P., Saxe, Acosta, DeGrasse and Manzanet-Daniels, JJ.