■ Thomas Trinajstic, Respondent, v St. Owner, LP, et al., Appellants, et al., Defendant. St. Owner, LP, et al., Third-Party Plaintiffs-Respondents-Appellants, v Q's Marble & Stone Inc., Third-Party Defendant, and Pat Pellegrini Flooring Corporation, Third-Party Defendant-Appellant. (And a Second Third-Party Action.) [50 NYS3d 866]—

Order, Supreme Court, New York County (Lucy Billings, J.), entered August 16, 2016, which, inter alia, denied the motion of defendants St. Owner, LP and Tishman Speyer Properties, L.P. for summary judgment dismissing plaintiff's Labor Law § 241 (6) claim and on their third-party claim for common-law indemnification against third-party defendant Pat Pellegrini Flooring Corporation (Pellegrini), and denied the motion of

Pellegrini for summary judgment dismissing the third-party action as against it, unanimously affirmed, without costs.

The court correctly found that questions of fact as to whether workers employed by Pellegrini, a flooring refinisher at defendants' premises, created the dust that allegedly contributed to plaintiff's fall barred dismissal of his claim pursuant to Labor Law § 241 (6) (*see* 12 NYCRR 23-1.7 [d], [e]). Plaintiff, a laborer for the general contractor on a gut renovation project at the premises, was in the process of placing protection over the newly refinished floors at the time of his fall, and was thus entitled to the protections of the Labor Law (*see Bajor v 75 E. End Owners Inc.*, 89 AD3d 458 [1st Dept 2011]; *Tornello v Beaver Brook Assoc., LLC*, 8 AD3d 7 [1st Dept 2004]). The fact that plaintiff's job duties on the project also included some cleaning and debris removal does not bar his claim, as the record indicates that he was not engaged in cleaning the dust or broken tiles that caused him to fall (*see Lopez v Fordham Univ.*, 69 AD3d 532, 533 [1st Dept 2010], *lv dismissed* 15 NY3d 821 [2010]).

The court also correctly determined that summary resolution of defendants' claim for common-law indemnification against Pellegrini would be premature. While the record contains evidence that plaintiff's fall was caused by the presence of dust created by Pellegrini, plaintiff also pointed to broken tiles as a cause of his fall, tiles unrelated to Pellegrini's work. In any event, defendants failed to make a prima facie showing of a lack of any negligence on their part (*see Martins v Little 40 Worth Assoc., Inc.*, 72 AD3d 483, 484 [1st Dept 2010]). Concur—Friedman, J.P., Richter, Feinman, Gische and Gesmer, JJ.