Five Star Elec. Corp. v A.J. Pegno Constr. Co., Inc./Tully Constr. Co., Inc. (2022 NY Slip Op 03345)





Five Star Elec. Corp. v A.J. Pegno Constr. Co., Inc./Tully Constr. Co., Inc.


2022 NY Slip Op 03345


Decided on May 24, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 24, 2022

Before: Webber, J.P., Moulton, Kennedy, Mendez, Pitt, JJ. 


Index No. 400897/11 Appeal No. 15501-15502 Case No. 2021-02404, 2021-02405, 2021-02740 

[*1]Five Star Electric Corp., Plaintiff-Respondent,
v
A.J. Pegno Construction Co., Inc./Tully Construction Co., Inc, etc., et al., Defendants-Appellants.


Hogan Lovells US LLP, New York (Matthew J. Higgins of counsel), and Hogan Lovells US LLP, Washington, D.C. (Jessica L. Ellsworth of the bar of the District of Columbia, admitted pro hac vice, of counsel), for appellants.
Duane Morris LLP, New York (Mark A. Canizio of counsel), for respondent.



Judgment, Supreme Court, New York County (Andrew Borrok, J.), entered July 23, 2021, in plaintiff's favor, and appeal therefrom bringing up for review an order, same court and Justice, entered June 15, 2021, as amended by an order, same court and Justice, entered June 17, 2021, which, after a nonjury trial, awarded plaintiff the amount of $40,336,302.93, unanimously modified, on the law, to vacate the award of $9.8 million in additional labor cost damages, to dismiss the claim for those damages, and to vacate the damages pertaining to additional and extended general conditions, labor escalation, equipment and material damages escalation, and extended home office overhead and to remand the claims for a new assessment on those damages. Appeals from amended order unanimously dismissed, without costs, as subsumed in the appeal from the judgment.
The trial court should not have awarded damages for additional labor costs due to defendants' delays in the construction project. In general, it is impermissible to calculate delay damages for additional labor costs based on a comparison of the contractor's precontract estimate of what its labor cost would be and what it claimed its labor cost actually turned out to be (see Manshul Constr. Corp. v Dormitory Auth. of State of N.Y., 79 AD2d 383, 388 [1st Dept 1981]; Peter Scalamandre & Sons v Village Dock, 187 AD2d 496 [2d Dept 1992], lv denied 81 NY2d 710 [1993]). Nevertheless, in calculating the additional labor costs that plaintiff incurred from defendants' delays, plaintiff's expert improperly used plaintiff's pre-bid estimate of the project's expected labor costs, and Supreme Court erred in basing the award on this improper method of calculation.
Moreover, there is no support for plaintiff's claim that the lump sum contract payment included a contract price for labor that incorporated an assessment of the reasonableness of plaintiff's internal labor cost estimates. The contract was not a "time and material" contract that listed hourly contractual rates along with time estimates, and the City, in agreeing to the lump sum amount, never saw, let alone agreed to, the internal labor estimates plaintiff used to set its bid. That the contract provided for a lump-sum payment based on a reasonable bid amount, which in turn was purportedly based on plaintiff's internal estimates including labor costs, does not itself provide a sufficient basis to conclude that those internal estimates were accurate and reasonable for purposes of determining the number of labor hours for which plaintiff was to be paid under the contract. Accordingly, there was no reason to conclude that the internal estimates could properly be used as a basis for calculating the number of additional hours and associated labor costs plaintiff incurred due to any purported delays by defendants. As plaintiff failed to meet its burden of proving these damages with reasonable certainty, the claim for additional labor damages should be dismissed (see City [*2]of New York v State of New York, 27 AD3d 1, 9 [1st Dept 2005], lv denied 6 NY3d 711 [2006]).
However, under the circumstances, the trial court properly applied the modified total cost method to calculate the remaining delay damages that plaintiff sought, as the court properly credited plaintiff's expert's conclusions as to the amount of damages. Despite applying the proper method to calculate delay damages, the trial court improperly credited the expert's conclusion that defendants alone were responsible for the delay damages regardless of any delays also attributable to the City. Therefore, the remaining damage awards are vacated, and the matter remanded for a new consideration of the damages that are properly attributable to defendants' actions or lack thereof. This reassessment should properly weigh the delays and damages to plaintiff caused by defendants, after considering the delays attributable to the City.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 24, 2022