LPCiminelli, Inc. v JPW Structural Contr., Inc. (2023 NY Slip Op 03112)

LPCiminelli, Inc. v JPW Structural Contr., Inc.

2023 NY Slip Op 03112

Decided on June 9, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 9, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., LINDLEY, MONTOUR, OGDEN, AND GREENWOOD, JJ.

210 CA 22-01470

[*1]LPCIMINELLI, INC., PLAINTIFF-APPELLANT,
v
JPW STRUCTURAL CONTRACTING, INC., DEFENDANT-APPELLANT, FREY ELECTRIC CONSTRUCTION CO., INC., DEFENDANT-RESPONDENT, ET AL., DEFENDANT. (APPEAL NO. 2.) 

ZDARSKY, SAWICKI & AGOSTINELLI LLP, BUFFALO (GUY J. AGOSTINELLI OF COUNSEL), FOR PLAINTIFF-APPELLANT.
BYRNE, COSTELLO & PICKARD, P.C., SYRACUSE (JORDAN R. PAVLUS OF COUNSEL), FOR DEFENDANT-APPELLANT.
BARCLAY DAMON LLP, BUFFALO (JAMES P. DOMAGALSKI OF COUNSEL), FOR DEFENDANT-RESPONDENT. 

 Appeals from a judgment of the Supreme Court, Erie County (Timothy J. Walker, A.J.), entered September 1, 2022. The judgment awarded defendant Frey Electric Construction Co., Inc. a money judgment against plaintiff. 
It is hereby ORDERED that the judgment so appealed from is unanimously vacated without costs and the order entered March 18, 2022 is modified on the law by denying the motion to the extent that it sought a determination of the amount of damages, and as modified the order is affirmed.
Memorandum: These appeals arise out of claims related to an extensive construction and renovation project (Project) at the Chautauqua Institution. Almost immediately, the Project encountered numerous delays and, based upon those delays, defendant Frey Electric Construction Co., Inc. (Frey), the electrical subcontractor on the Project, experienced labor inefficiencies. Frey made a claim for delay damages to plaintiff, LPCiminelli, Inc. (LPC), the Project's construction manager.
LPC commenced this action seeking, inter alia, a determination of the amounts owed by or to LPC. Frey answered the complaint and counterclaimed for breach of contract, seeking, inter alia, a money judgment for the additional costs and damages it allegedly incurred in relation to the Project as a result of the delays. Frey moved for summary judgment on its counterclaim. In appeal No. 1, LPC and another subcontractor, defendant JPW Structural Contracting, Inc. (JPW), which, according to LPC's complaint, may be required to indemnify LPC for damages owed to Frey, separately appeal from an order that, inter alia, granted the motion. In appeal No. 2, LPC appeals from a subsequent judgment in favor of Frey and against LPC.
At the outset, we note that the order appealed from in appeal No. 1 is subsumed within the subsequently entered judgment in appeal No. 2, and the appeal lies from the judgment rather than the prior order (see Hughes v Nussbaumer, Clarke & Velzy, 140 AD2d 988, 988 [4th Dept 1988]; Chase Manhattan Bank, N.A. v Roberts & Roberts, 63 AD2d 566, 567 [1st Dept 1978]). We therefore dismiss the appeal from the order in appeal No. 1. Further, although JPW did not file a notice of appeal from the judgment, we deem its appeal to be taken from the judgment inasmuch as its notice of appeal from the order granting summary judgment is "deemed to [*2]specify a judgment upon said order entered after service of the notice of appeal and before entry of the order of" this Court (CPLR 5501 [c]). The appeal from the judgment in appeal No. 2 brings up for review the propriety of the order in appeal No. 1 (see CPLR 5501 [a] [1]).
With respect to the merits, we conclude that Frey met its initial burden on that part of its motion seeking a determination that LPC breached its subcontract with Frey, and LPC failed to raise a triable issue of fact on that issue in its opposition to the motion (see generally Zuckerman v City of New York, 49 NY2d 557, 562 [1980]). Contrary to LPC's contention, to the extent that its expert opined that Frey was a cause of the delay, that opinion is speculative and without support in the record (see generally Buchholz v Trump 767 Fifth Ave., LLC, 5 NY3d 1, 9 [2005]; Lopez v Fordham Univ., 69 AD3d 532, 533 [1st Dept 2010], lv dismissed 15 NY3d 821 [2010]). Supreme Court thus properly granted the motion to the extent of determining that Frey was entitled to recover damages for breach of contract related to the Project delays.
We further conclude, however, that the court erred in granting the motion to the extent that it sought a determination of the amount of those damages. We therefore vacate the judgment and modify the order entered March 18, 2022 accordingly. Frey failed to meet its initial burden of establishing that it properly calculated the amount of damages. "It is fundamental to the law of damages that one complaining of injury has the burden of proving the extent of the harm suffered" (Berley Indus. v City of New York, 45 NY2d 683, 686 [1978]). In a case such as this, where a subcontractor is claiming delay damages, the subcontractor "must establish the extent to which its costs were increased by the improper acts because its recovery will be limited to damages actually sustained" (id. at 687; see Manshul Constr. Corp. v Dormitory Auth. of State of N.Y., 79 AD2d 383, 387 [1st Dept 1981]). "[I]t has repeatedly been held improper to prove excess labor costs by comparing the total labor costs for the project with the bid estimate for the labor, because of[, among other things,] the inherent unreliability of the price elements of a bid" (Peter Scalamandre & Sons v Village Dock, 187 AD2d 496, 496 [2d Dept 1992], lv denied 81 NY2d 710 [1993]; see Five Star Elec. Corp. v A.J. Pegno Constr. Co., Inc./Tully Constr. Co., Inc., 209 AD3d 464, 464 [1st Dept 2022]; Novak & Co. v Facilities Dev. Corp., 116 AD2d 891, 892 [3d Dept 1986]). In support of its motion, Frey submitted, inter alia, the report of LPC's expert concluding that Frey used that improper method of establishing damages. Moreover, contrary to Frey's contention and the conclusion of the court, neither LPC's written correspondence in response to Frey's claim nor the deposition testimony of one of LPC's vice-presidents, which Frey also submitted in support of its motion, establishes as a matter of law that LPC agreed that Frey's damages should be established as the difference between Frey's bid estimate and its actual labor costs incurred. Rather, in a letter dated September 8, 2017, LPC explained to Frey that Frey was required to establish its damages pursuant to the "measured mile" approach, which compares a contractor's "productivity when its work was unimpeded" with its "productivity when its work was impeded." Thus, in the letter, LPC asked Frey to "provide all records as to productivity when work was proceeding in the normal course so that it could be compared to productivity that was experienced when the work was affected by the claimed delay." We conclude that, in this case, the measure of Frey's damages and the method by which to compute those damages are issues for the trier of fact.
Entered: June 9, 2023
Ann Dillon Flynn
Clerk of the Court